## 17527

PULLMAN COMPANY, Appellant, v. PUBLIC SERVICE COM-
MISSION of South Carolina, and Charles A. Rice, Chairman, et al.,
and Daniel R. McLeod, as Attorney General of South Carolina,
and Irvine F. Belser, Assistant Attorney General of South Caro-
lina, Respondents.

(108 S. E. (2d) 571)

*Messrs. McKay, McKay, Black & Walker,* of Columbia, and *Martin J. Rock,* of Chicago, Illinois, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Irvine F. Belser, Assistant Attorney General,* of Columbia, *for Respondents,*

April 30, 1959.

STUKES, Chief Justice.

Appellant petitioned the Public Service Commission for an order vacating its rule No. 20 which was promulgated in 1937 or before. It follows:

"Rule No. 20. Conductors on Pullman, dining cars, etc.

"No sleeping car, chair car, parlor car, dining car, or buffet car shall be operated on any line of railroad in South Carolina, when occupied by regular passengers holding proper transportation for the occpancy of such cars, unless such cars are continuously in charge of an employee or an authorized agent of the firm or corporation owning or operating same, having the rank and position of conductor." 7 Code of 1952, p. 753.

Hearing upon the petition was held by the Commission on December 11, 1956 and evidence was introduced. There was delay in decision, the reason for which is in dispute between counsel. Before decision by the Commission this

action was commenced by appellant in November 1957 for declaratory judgment of invalidity of the order as to it.

On March 5, 1958 the Commission fixed March 26 following for final arguments upon the proceeding pending before it. On March 28th it issued its order denying the petition of appellant.

Meanwhile, motion of respondents was heard in the present action on March 12th that it be dismissed upon the ground, in substance, that appellant should be required to exhaust its remedy before the Public Service Commission before resorting to the Court. Thereafter, by order dated May 6, 1958, the court granted the motion to dismiss, holding that, quoting from the order, "the plaintiff (appellant here) should first exhaust its administrative remedies, and the plaintiff shall, of course, have full right to raise the issues sought to be determined in this case before the Public Service Commission and/or an appeal therefrom."

Subsequently appellant commenced a second action in the Court of Common Pleas, now pending, challenging the Commission's order of March 28th (dated March 26th), which is the approved method to obtain judicial review of decisions of the Commission affecting carriers. *Southern Ry. Co. v. Public Service Commission,* 195 S. C. 247, 10 S. E. (2d) 769.

The order under appeal will have to be affirmed in the interest of orderly procedure. It was a proper exercise of the discretion of the court to refuse to entertain jurisdiction of the action before appellant had exhausted its administrative remedy. See in reference to the latter consideration the recent case of *DePass v. City of Spartanburg* (S. C.), 107 S. E. (2d) 350.

*Williams Furniture Corp. v. Southern Coatings & Chem. Co.,* 216 S. C. 1, 56 S. E. (2d) 576, was a case of much similarity to this and is controlling of the instant decision. There effort was made to by-pass the Industrial Commission, in pending claims for workmen's compensation, by

means of an action for declaratory judgment. The action was dismissed. Here appellant would by-pass the Public Service Commission.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.