19739

ANDREWS BEARING CORPORATION, Respondent, v. Oren L. BRADY, Jr., as Treasurer of the County of Spartanburg, et al., Appellants.

(201 S. E. (2d) 241)

*Messrs. T. Emmet Walsh* and *Roy McBee Smith,* of Spartanburg, and *Daniel R. McLeod, Atty. Gen.,* and *Joe*

534

*L. Allen, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellants,* cite:

*Neville Holcombe, Esq.,* of *Holcombe, Bomar, Cureton, and Wynn,* Spartanburg, *for Respondent,* cites:

*Messrs. T. Emmet Walsh* and *Roy McBee Smith,* of Spartanburg, and *Daniel R. McLeod, Atty. Gen.,* and *Joe L. Allen, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellants,* in Reply.

December 10, 1973.

BUSSEY, Justice:

In this action respondent seeks to recover *ad valorem* taxes in the amount of $33,161.17, paid under protest to the appellants for the year 1971. The complaint alleges that respondent, a manufacturer, was required by Sec. 65-1647.1 of the Code to file its property tax returns with the South Carolina Tax Commission, which assessed respondent's real and personal property on the basis of a 9.5% ratio to the fair market value of said property. Pursuant to the law, the assessor for Spartanburg County for the year 1971 applied a 4.2% ratio to the fair market value of the real property which he assessed for tax purposes in Spartanburg County. The respondent paid all of its city and county taxes for the year 1971 under protest, but by consent order entered in this action, so much of the property taxes as measured by a 4.2% tax assessment ratio was released to the county and city taxing authorities, the excess being held by the County Treasurer pending the outcome of this litigation.

Respondent asserts that the use by the Tax Commission of a higher ratio to value in assessing both respondent's personal and real property than the ratio used by the local assessor in assessing real property belonging to other than manufacturers is violative of the South Carolina Constitution, specifically Article I, Sec. 3; Article III, Sec. 29; Article X, Sec. 1; Article X, Sec. 3A; and Article X, Sec. 5(1), and is also in violation of Code Section 65-64(17). The complaint alleged that the respondent had unsuccessfully protested the assessment by the Commission but did not allege that it appealed from the ruling of the Commission to the Tax Board of Review pursuant to Code Sec. 65-105.

The defendants demurred to the complaint contending that it was insufficient to state a cause of action, since it was not alleged that respondent had exhausted its administrative remedies by appealing to the Tax Board of Review; and that as a result no cause of action existed and the court was without jurisdiction. The appeal is from an order of the lower court overruling such demurrer.

Relied upon by the appellants here is a quotation from 73 C. J. S., Public Administrative Bodies and Procedure, § 41, to the effect that the rule requiring the exhaustion of administrative remedies is an inflexible one. The text goes on to say, though, "However, in some jurisdictions it is a rule of policy, convenience, and discretion rather than of law, and is not jurisdictional." The decisions of this Court have committed us to the quoted view. *Pullman Company v. Public Service Commission*, 234 S. C. 365, 108 S. E. (2d) 571; *Ex parte Allstate Insurance Company*, 248 S. C. 550, 151 S. E. (2d) 849. We quote the following from the last cited case:

"While we have, where the question was involved, rather consistently applied the doctrine of exhaustion of administrative remedies to avoid interference with the orderly performance of administrative functions, *we have recognized that it is not an invariable rule.* For example, in *Pullman Co. v. Public Service Commission*, 234 S. C. 365, 108 S. E. (2d) 571, the application of the doctrine was approved as a 'proper exercise of the discretion of the court.' *The adoption of the view that the rule is discretionary in nature is a recognition that situations can exist where failure to exhaust administrative remedies may be excused.*" (Emphasis added.)

In the *Allstate* case, just quoted from, we held that the lower court had a sound basis for excusing the failure to exhaust administrative relief, pointing out that the facts were undisputed and that the issue involved was solely one of law. In the present case we deem that the

order of the lower court overruling the demurrer was a proper exercise of the court's judicial discretion. While not necessarily conclusive, for aught that appears to the contrary, there is apparently no factual issue whatever involved in the present litigation, the issue being solely the asserted illegality and/or unconstitutionality of the assessment ratio applied by the Tax Commission to the valuation of respondent's property, no question of valuation being in issue. Certainly, at the stage of demurrer, no factual issue was involved, the alleged facts being admitted as true for that purpose.

The appellants rely strongly on the cases of *Meredith v. Elliott,* 247 S. C. 335, 147 S. E. (2d) 244, and *Newberry Mills v. Dawkins,* 259 S. C. 7, 190 S. E. (2d) 503, in both of which the rule as to required exhaustion of administrative remedies was applied. Both are clearly distinguishable from the instant case in that in each of them the rule was applied as to the factual issue of valuation and not as to any legal or constitutional issue. There is nothing in either of these decisions which would require sustaining the demurrer.

We conclude that there was no abuse of discretion on the part of the lower court in overruling the demurrer and the judgment is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.