23442

Willie BENNETT, Appellant v. SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.

(408 S.E. (2d) 230)

Supreme Court

*Herbert W. Louthian, Jr.,* of *Louthian & Louthian,* Columbia, *for appellant.*

*Henry S. Knight, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard April 23, 1991.

Decided July 22, 1991.

TOAL, Justice:

An Employer facing allegations by an Employee of retaliatory discharge under § 41-1-80, S.C. Code, was granted summary judgment in the circuit court below. We affirm.

### FACTS

Willie Bennett, the Employee, was discharged from his job with the South Carolina Department of Corrections. In response, Mr. Bennett filed a grievance challenging the discharge, which was denied by the State Employee Grievance Committee. Mr. Bennett did not appeal the Committee decision, and instead brought this action under § 41-1-80, S.C. Code, alleging that the Department of Corrections discharged him in retaliation for his filing Workers' Compensation claims.

Mr. Bennett conceded in his brief that the parties, facts, and issues concerning his claim are the same as those presented before the Grievance Committee. The Department of Corrections moved for summary judgment alleging that the action under § 41-1-80 was barred by the decision of the Grievance Committee under the doctrines of collateral estoppel and *res judicata.*

The lower court, in granting summary judgment, held that the complaint was barred from consideration by collateral estoppel and *res judicata*, and that the Employee had failed to exhaust his administrative remedies.

## LAW/ANALYSIS

The sole issue on appeal is whether the doctrines of *res judicata* and collateral estoppel can operate to bar an action under § 41-1-80.

The Employee concedes in his brief that the parties, facts and issues concerning his claim in this action are the same parties, facts and issues involved in the grievance proceeding. This Court has repeatedly held that, under the doctrines of *res judicata* and collateral estoppel, the decision of an administrative tribunal precludes the relitigation of the issues addressed by that tribunal in a collateral action. *Earle v. Aycock*, 276 S.C. 471, 279 S.E. (2d) 614 (1981) (dealing specifically with relitigation in circuit court of issues previously decided by the State Grievance Committee).

Here, the Employee's sole complaint is that invocation of issue preclusion for determinations of the State Grievance Committee will absolutely bar state employees from any potential recovery in circuit court under S.C. Code § 41-1-80. However, such a bar will only occur where the State Grievance Committee decides the issues necessary to bring an action under § 41-1-80 in a manner unfavorable to the employee. If the employee prevails on those issues before the Grievance Committee, he may then assert a claim under S.C. Code § 41-1-80 and offer the findings of the Grievance Committee as support of his claim.

Here, the Employee did not prevail before the Grievance Committee, and by not appealing their decision, abandoned his only opportunity to gain a favorable ruling on the issues involving his termination. While determinations made by the Grievance Committee may not have precluded additional findings by the circuit court which could have supported the claim under S.C. Code § 41-1-80, those issues are still barred from consideration by collateral estoppel because Employee was afforded a full and fair opportunity to present those issues and have them considered by the Grievance Committee.

Regardless, the Employee has conceded that the issues before the circuit court are the same as those raised and decided before the Grievance Committee. Hence, the Employee is plainly barred from having those issues relitigated. As a result, he has barred himself from recovery under S.C. Code § 41-1-80, by not obtaining favorable decisions regarding the issues which support his present claim.

The doctrines of *res judicata* and collateral estoppel do not bar recovery under S.C. Code § 41-1-80 for state employees, but they do bar relitigation of issues which have been decided by or should have been presented to the State Grievance Committee. The statutory requirements that state employees bring their grievances before the State Grievance Committee and that they exhaust their administrative remedies before seeking judicial review do not bar the bringing of an action under S.C. Code § 41-1-80, but they do require that the Grievance Committee have the exclusive right to decide those issues subject only to an appeal for judicial review of their decisions. For these reasons, the decision of the lower court is

Affirmed.

HARWELL, Acting C.J., and CHANDLER and FINNEY, JJ., concur.

ALEXANDER M. SANDERS, JR., Acting Associate Justice, concurs.