24040

Alexander P. HYDE, Respondent v.
SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, Appellant.

(442 S.E. (2d) 582)

Supreme Court

*Henry S. Knight, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*R. Bryan Barnes,* of *Sherrill and Rogers, P.C.,* Columbia, *for respondent.*

Submitted Jan. 19, 1994.

Decided Mar. 18, 1994. Reh. Den. May 4, 1994.

MOORE, Justice:

Respondent Hyde commenced this action seeking damages under the Whistleblower Statute, S.C. Code Ann. § 8-27-30 (Supp. 1992). Appellant (Department) answered and raised as a defense Hyde's failure to exhaust the administrative remedies available under the State Employees Grievance Procedure Act, S.C. Code Ann. §§ 8-17-310 through -380 (1986 and Supp. 1992). The trial judge granted Hyde's motion to strike this defense. We reverse.

## ISSUE
Did the trial judge err in striking Department's defense?

## DISCUSSION
Whether administrative remedies must be exhausted is a matter within the trial judge's sound discretion and his decision will not be disturbed on appeal absent an abuse thereof. *Stanton v. Town of Pawleys Island,* — S.C. —, 420 S.E. (2d) 502 (1992); *Andrews Bearing Corp. v. Brady,* 261 S.C. 533, 201 S.E. (2d) 241 (1973). The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule. *Andrews Bearing Corp., supra; Ex parte Allstate Ins. Co.,* 248 S.C. 550, 151 S.E. (2d) 849 (1966).

Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts. *Meredith v. Elliott,* 247 S.C. 335, 147 S.E. (2d) 244 (1966). In this case, Department denied Hyde's factual allegations and the State Employee Grievance Procedure provides an adequate administrative remedy to determine factual issues.[1]

---

[1]Resolution of factual issues before the Grievance Committee would then be binding in any collateral action brought in the courts. *Bennett v. S.C. Dept. of Corrections,* 305 S.C. 310, 408 S.E. (2d) 230 (1991) (decision of State Grievance Committee is binding on issues presented in action for retaliatory discharge).

We find the trial judge abused his discretion in finding as a matter of law that Hyde did not have to exhaust administrative remedies simply because the Whistle-blower Statute does not expressly require it.[2] A trial judge must have a sound basis for excusing the failure to exhaust administrative relief. *Andrews Bearing Corp., supra.* Since the trial judge found no exception to excuse the failure to exhaust administrative remedies, his decision striking this defense was controlled by an error of law. *Stanton, supra.*

Reversed.

CHANDLER, Acting C.J., FINNEY, J., and WILLIAM T. HOW-ELL, Acting Associate Justice, concur.

TOAL, J., dissenting in separate opinion.

TOAL, Justice:

I respectfully dissent. In my view, the relevant question is whether the legislature intended exhaustion of administrative remedies under prior S.C. Code Ann. § 8-27-30.

Hyde filed her action prior to April 20, 1991.[3] At that time, there was no stated requirement in S.C. Code Ann. § 8-27-30 of exhaustion of administrative remedies. In 1993, by Act No. 164, Part II, Section 37(C), S.C. Code Ann. § 8-27-30 was amended to read in pertinent part as follows: "No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies." Subsection E of the Act reads in its entirety as follows: "This section takes effect upon approval by the Governor *and applies with respect to any personnel actions taken after that date*" [Emphasis added]. S.C. Code § 8-27-30 (Supp. 1993) history reads as follows: "1993 Act No. 164, Part II, § 37C, eff. June 21, 1993, *and applies with respect to any personnel actions taken after that date.*" [Emphasis added.]

---

[2] The Whistleblower Statue was subsequently amended to expressly provide that an employee seeking to bring a whistleblower action must exhaust "all available grievance or other administrative remedies." 1993 S.C. Act No. 164, effective June 21, 1993. We find this amendment lends support to our conclusion that administrative remedies must be exhausted. See Cotty v. Yartzeff, — S.C. —, 422 S.E. (2d) 100, 102 n. 1 (1992) (subsequent amendments may be interpreted as clarifying legislative intent of existing law).

[3] The complaint in the record is dated March 20, 1991. The answer is dated and filed on April 20, 1991.

"The elementary and cardinal rule of statutory construction is that the Court ascertain and effectuate the actual intent of the legislature." *Horn v. Davis Electrical Constructors, Inc.,* 307 S.C. 559, 563, 416 S.E. (2d) 634, 636 (1992). In determining the legislative intent, the Court may properly look at the legislative history of the statute. *Timmons v. South Carolina Tricentennial Commission,* 254 S.C. 378, 175 S.E. (2d) 805, (1970), *cert. denied* 400 U.S. 986, 91 S.Ct. 460, 27 L.Ed.(2d) 435 *reh'g denied* 401 U.S. 949, 91 S.Ct. 922, 28 L.Ed. (2d) 233 (1971). Where a statute has been amended, there is a presumption that the legislature intended to change the law. 82 C.J.S. *Statutes* § 384 (1953). Where, as here, the terms are clear and unambiguous, "the Court must apply them according to literal meaning." *Anders v. South Carolina Parole and Community Corrections Bd.,* 279 S.C. 206, 209, 305 S.E. (2d) 229, 230 (1983).

Clearly, the legislature has the authority to determine the time when an amendment to the statute will become effective. *See Beaufort County v. Jasper County,* 220 S.C. 469, 68 S.E. (2d) 421 (1951); *see also* 82 C.J.S. *Statutes* § 400 (1953). I would hold that the clear, unambiguous legislative intent of S.C. Code Ann. § 8-27-30 (Supp. 1993) as evidenced by the specific language of the 1993 amendment is that administrative remedies must be exhausted for actions filed after June 21, 1993 and not for actions filed before that date. I would affirm the trial judge.