2266

Gene T. WRIGHT, Appellant v.
The MARLBORO COUNTY SCHOOL DISTRICT, Respondent.
(452 S.E. (2d) 12)

Court of Appeals

*J. Lewis Cromer* and *Craig L. Berman, Cromer & Mabry,* Columbia, *for appellant.*

*Leigh Mullikin Nason* and *Scott T. Justice, Haynsworth, Baldwin, Johnson & Greaves,* Columbia, *for respondent.*

Heard Nov. 3, 1994.

Decided Dec. 12, 1994.

HOWARD, Acting Judge:

Gene T. Wright brought this action against his former employer, the Marlboro County School District, under the South Carolina Whistleblower Statute, S.C. Code Ann. § 8-27-30 (Supp. 1993). The District moved for summary judgment, asserting Wright's action was barred by *res judicata* and collateral estoppel because Wright did not raise the whistleblowing issue when he pursued his grievance remedy. The circuit court granted the motion and Wright appealed. We reverse and remand.

Wright was an assistant principal with the District from 1981 until June of 1991. The District did not renew his contract for the 1991-92 school year.[1] Wright filed a grievance

---

[1] The District outlined several reasons for its decision not to reemploy Wright which are not relevant here.

and was afforded a hearing before the School Board pursuant to the Teacher Employment and Dismissal Act, S.C. Code Ann. § 59-25-470 (1990). At this hearing, Wright did not allege, nor did he present evidence of, any retaliation for whistleblowing as the basis for his termination.

Following the hearing, the Board upheld the decision not to renew Wright's contract. Wright petitioned the circuit court for judicial review. However, the circuit court granted Wright's motion to dismiss the appeal "without prejudice," although the order noted any attempt to refile the appeal would be time barred.

Prior to dismissing his appeal, Wright brought this whistleblower action, alleging the District retaliated against him for reporting wrongdoing by school personnel.[2] Wright claimed he reported a number of matters involving "serious violations of law, governmental corruption, gross negligence, mismanagement, and safety violations, all of which related to [the District] or Ray Lee, [the principal]." Wright asserted he reported these matters to Lee and to "other public authorities" in good faith.[3] Wright claimed Lee and the District thereafter harassed Wright and eventually terminated him for making these allegations.

The District denied Wright's allegations and subsequently moved for summary judgment on the grounds of *res judicata* and collateral estoppel. The trial court granted this motion,

---

[2] Wright brought this action prior to June 21, 1993, the effective date of recent amendments to the Whistleblower Statute.

[3] Specifically, Wright alleged in his complaint that he reported to various officials the following matters:

(1) The principal, Lee, was dating one or more female teachers in violation of ethical and regulatory provisions;

(2) Lee was harassing a teacher solely because the teacher was properly administering discipline to students;

(3) The District and Lee were exposing janitors to a serious risk of asbestosis;

(4) The District had ordered elementary school students to report to school even though the toilets could not be flushed, causing feces and urine to accumulate in an unseemly and unsanitary manner, causing harm to the students;

(5) Lee issued harsher discipline to African-American students compared to Caucasian students and referred to African-American students as "scum";

(6) Lee's Caucasian secretary referred to some African-American students as "niggers" on one or more occasions;

holding that Wright's grievance before the Board encompassed many of the same factual issues as his whistleblower case. Wright had ample opportunity at the Board hearing to raise any other issues relating to his relationship with the principal or the nonrenewal of his contract, but he chose not to do so. The court added Wright could not circumvent the Board's decision by claiming in a subsequent lawsuit that his discharge was based upon an additional or different ground that those grounds raised at the grievance hearing. Because the Board's decision had become final when Wright voluntarily dismissed his appeal, Wright was not entitled to "a second bite at the apple" under the guise of the Whistleblower Act.

On appeal Wright argues that the unreviewed decision of the School Board is not entitled to preclusive effect under the principles of *res judicata*.[4] We agree.

The doctrine of *res judicata* originates from the principles that public interest requires an end to litigation and that no one should be sued twice for the same cause of action. *Hayes v. Hayes,* — S.C. —, 439 S.E. (2d) 305 (Ct. App. 1993). The *res judicata* defense requires a showing of three essential elements: (1) the prior judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matters properly included in the first action. *Owenby v. Owens Corning Fiberglas,* — S.C. —, 437 S.E. (2d) 130 (Ct. Ap. 1993). Under the doctrine of *res ju-*

---

(7) Lee improperly suspended a student in violation of school procedures;

(8) Lee entrapped an African-American student into stealing money, for which the student was suspended;

(9) Patricia Henegan, a school employee, was "unprofessional" and her brother engaged in serious acts of criminal or civil misconduct involving his duties as a school bus driver and part-time employee at another school;

(10) Major quantities of toxic chemicals were improperly and illegally dumped with the knowledge of Lee and John David, the interim superintendent; and

(11) In an official meeting, Wright referred to Lee in a manner to his disliking.

[4] Because the District did not argue issue preclusion or collateral estoppel as a basis for affirmance in its brief or during oral argument, we focus exclusively on the applicability of claim preclusion or *res judicata* to the Board's decision.

*dicata*, a final judgment on the merits in a prior action will preclude the parties from relitigating any issues actually litigated or those that might have been litigated in the first action. *Foran v. USAA Casualty Ins. Co.*, — S.C. —, 427 S.E. (2d) 918 (Ct. App. 1993).

Ordinarily, the decision of an administrative tribunal ■ precludes the relitigation of the issues addressed by that tribunal in a collateral action. *Bennett v. South Carolina Dep't of Corrections*, 305 S.C. 310, 408 S.E. (2d) 230 (1991). In *Bennett*, our Supreme Court stated:

> The doctrines of *res judicata* and collateral estoppel do not bar recovery under [the Workers' Compensation retaliation statute] for state employees, but they do bar relitigation of issues which have been decided by or should have been presented to the State [Employee] Grievance Committee. The statutory requirements that state employees bring their grievances before the State Grievance Committee and that they exhaust their administrative remedies before seeking judicial review do not bar the bringing of an action under [the retaliation statute], but they do require that the Grievance Committee have the exclusive right to decide those issues subject only to an appeal for judicial review of their decisions.

305 S.C. at 313, 408 S.E. (2d) at 232.

In *Perry v. State Law Enforcement Div.*, — S.C. —, 426 S.E. (2d) 334 (Ct. App. 1992), this court relied on *Bennett* to give preclusive effect to the State Employee Grievance Committee's decision to uphold an employee's termination in the employee's collateral breach of contract action. The court reasoned the two actions arose out of the same facts and sought adjudication that the termination was unwarranted. The employee could have defended against his termination before the Grievance Committee by asserting the same rights and defenses available to him in the breach of contract action. Therefore, the court did not permit the employee to raise the same issues in a civil suit which could have been raised before the Grievance Committee. *Id.*, 426 S.E. (2d) at 336.

In this case, the District's decision not to reemploy Wright for the ensuing year was the equivalent of a dismissal for pur-

poses of the Teacher's Employment and Dismissal Act. S.C. Code Ann. § 59-25-420 (1990). Accordingly, Wright was entitled to notice and a hearing before the Board of Trustees to dispute the District's actions. *Id.* §§ 59-25-460, -470. That Act also provides, "The teacher has the privilege of being present at the hearing with counsel and of cross-examining witnesses and *may* offer evidence and witnesses and *present any and all defenses to the charges." Id.* § 59-25-470 (emphasis added). Hence, Wright certainly could have argued before the Board his claim that the District decided not to reemploy him in retaliation for his whistleblowing reports.

However, Wright's allegations of wrongdoing involved, in part, inaction or mismanagement on the part of the Board itself in not responding to Wright's report of problems in the school. This fact distinguishes this case from *Bennett* and its progeny. In those cases, the administrative tribunal (the State Employee Grievance Committee) was an independent entity and was not the subject of the very allegations of mismanagement and inaction reported by the public employees. In fact, the Act provides that "[w]henever a grievance before the [State Employee Grievance Committee] is initiated by or involves an employee of an agency of which a committee member also is an employee, such member shall be disqualified from participating in the hearing." S.C. Code Ann. § 8-17-340. The decision not to reemploy Wright was ultimately the Board's. *See id.* § 59-25-410 (the district board of trustees decides whether to employ and reemploy teachers for each school year). It would be inequitable to require Wright to seek a factual determination on his whistleblower retaliation claim from the very body which decided not to reemploy him. *See Graham v. Special School Dist. No. 1,* 472 N.W. (2d) 114 (Minn. 1991) (acknowledging the conflict of interest inherent in a teacher termination proceeding in which retaliatory discharge is asserted as an affirmative defense).

We conclude the public policy considerations which ■■ form the basis for application of the doctrine of *res judicata* do not apply where, as here, an administrative tribunal must be asked to judge allegations of its own wrongdoing and its own retaliation in response to a report of that wrongdoing. Accordingly, were verse the circuit court's order

granting summary judgment to the District on the grounds of *res judicata* and remand for further proceedings.[5]

Reversed and remanded.

HOWELL, C.J., and SHAW, J., concur.

[5] We also note that prior to amendment in 1993, S.C. Code Ann. Section 8-27-40 (Supp. 1992) provided, "Notwithstanding any action taken pursuant to this chapter, a public body may discharge, otherwise terminate, or suspend an employee for causes independent of those provided in Section 8-27-20." Whether the reasons the District gave for Wright's termination serve as an independent cause for termination pursuant to § 8-27-40 would be a matter for a jury and would not be appropriate for summary judgment. *See Gamble v. City of Manning*, 304 S.C. 536, 405 S.E. (2d) 829 (1991).