2465

Michael W. ALLEN, Appellant v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION; South Carolina Department of Revenue, Division of Alcoholic Beverage Control; and South Carolina State Law Enforcement Division (Successor Agencies to Alcoholic Beverage Control Commission), Respondents.

(467 S.E. (2d) 450)

Court of Appeals

*Michael W. Allen,* Little Mountain, *pro se.*

*Vance J. Bettis,* of *Gignilliat, Savitz & Bettis,* Columbia, *for respondents.*

Submitted Jan. 9, 1996.

Decided Feb. 20, 1996.

*Per Curiam:*

Michael W. Allen brought this action against his employer, the South Carolina Alcoholic Beverage Control Commission ("ABC Commission"), under S.C. Code Ann. §§ 8-27-10 to -50 (Supp. 1995), commonly referred to as the Whistleblower Act.[1]

---

[1] While this cause of action was pending, the agencies involved were restructured. As a result of the restructuring, the ABC Commission was abolished and some of its employees were employed by the South Carolina Law Enforcement Division and others were employed by the Department of Revenue and Taxation. Allen amended his Complaint to list the following agencies as defendants: South Carolina Alcoholic Beverage Control Commission, South

Allen appeals the trial judge's order granting summary judgment in favor of the ABC Commission finding Allen failed to exhaust his administrative remedies prior to instituting a cause of action under the Whistleblower Act. We affirm.

Allen was employed as the Director of Administration for the ABC Commission when on August 13, 1992, he was indicted by the State Grand Jury on one count of unlawful acceptance of rebates or extra compensation in violation of S. C. Code Ann. § 16-9-230 (1985) and one count of obstruction of justice. Based on the indictments, Allen was suspended without pay on August 17, 1992. On December 17, 1992, Allen pled nolo contendere to conspiring to unlawfully accept rebates or extra compensation. Following his plea, an Ad Hoc Committee of the ABC Commission terminated Allen's employment retroactive to August 18, 1992. The Committee based its recommendation upon: 1) Allen's plea of nolo contendere to a misdemeanor charge of conspiracy to commit unlawful acceptance of rebates or extra compensation; and 2) alleged gross unauthorized use of state property by taking certain valuable metals from the agency and converting them to cash for his person enrichment.

On March 8, 1993, Allen initiated a grievance under the State Employee Grievance Procedure Act (S.C. Code Ann. §§ 8-17-310 to -380 (Rev. 1986 & Supp. 1995) to challenge his discharge. Upon notification of his termination, Allen filed for unemployment compensation. On April 26, 1993, a hearing was conducted before an Administrative Hearing Officer who determined Allen was discharged for cause. The Hearing Officer based his decision of the fact that Allen pled nolo contendere to the conspiracy charge and Allen accepted free work on his personal vehicle from a mechanic who was attempting to obtain business from the Commission. Allen did not appeal the decision of the Administrative Hearing Officer.

On July 28, 1993, Allen filed a complaint against the ABC Commission alleging a cause of action under the South Carolina Whistleblower Act. In his complaint, Allen alleged he provided information to officials of the South Carolina Law

Carolina Department of Revenue, Division of Alcoholic Beverage Control, and South Carolina State Law Enforcement Division, successor agencies to the South Carolina Alcoholic Beverage Control Commission (collectively referred to as the ABC Commission).

Enforcement Division ("SLED") regarding wasteful and/or unlawful activity in the Commission. Allen alleged as a result of this reporting, the ABC Commission retaliated against him by suspending and ultimately discharging him from his position as Director of Administration.

By a letter dated September 15, 1993, Allen withdrew his grievance against the ABC Commission. The letter stated Allen "elected to pursue his legal remedies under the Whistleblower Act rather than the equitable remedies available under the State Employee Grievance Procedure."

The ABC Commission moved for summary judgment on the ground Allen failed to exhaust his remedies under the State Employee Grievance Procedure Act before commencing this action under the Whistleblower Act. The ABC Commission produced Allen's withdrawal of his grievance, and the acknowledgement letter of the Assistant Director of the State Budget and Control Board. The ABC Commission filed a supplemental motion for summary judgment on the ground Allen's claim under the Whistleblower Act was foreclosed by the unappealed determination of the South Carolina Employment Security Commission that Allen was discharged for cause. By affidavit, the ABC Commission produced evidence that Allen had not filed an appeal.

The trial judge heard oral arguments on the motions. At the close of the hearing, the trial judge stated:

> All right. Thank you. Gentlemen, would you please submit me proposed orders within ten days and indicate in your orders, please, make the appropriate findings, citing appropriate legal authorities and conclusions of law to support your respective positions. Thank you very much.

The attorneys submitted the proposed orders to the trial judge and sent copies to opposing counsel. The circuit court accepted the ABC Commission's order and granted their motion for summary judgment finding Allen had not exhausted his remedies under the State Employee Grievance Procedure Act and, as a result, could not maintain his action under the Whistleblower Act.[2] This appeal followed.

---

[2] The circuit court did not address the ABC Commission's supplemental ground for summary judgment. The circuit court noted it expressed no opinion on whether the Employment Security Commission's unappealed determi-

## STANDARD OF REVIEW

Whether the requirement that administrative remedies by exhausted may be excused is a matter within the trial judge's discretion, and his decision will not be disturbed on appeal absent an abuse of that discretion. *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.E. (2d) 582 (1994). An abuse of discretion occurs when: (1) a judge's ruling has no evidentiary support; or (2) the judge makes an error of law. *Gooding v. St. Francis Xavier Hosp.*, 317 S.C. 320, 454 S.E. (2d) 328 (Ct. App. 1995).

## DISCUSSION

### I.

Allen asserts the trial judge's order was proposed *ex parte* by one party and is, therefore, materially prejudicial and defective. We disagree. At the close of the hearing on the ABC Commission's motion for summary judgment, the trial judge requested that each side submit proposed orders. Both parties complied with the trial judge's request and sent a copy of their proposed order to opposing counsel at the same time they sent the proposed order to the trial judge. On August 5, 1994, the trial judge signed the order submitted by the ABC Commission granting their motion for summary judgment.

Rule 5(a), SCRCP, provides in part:

> Every order required by its terms to be served ... shall be served upon each of the parties.

Each party was allowed approximately two months to review and respond to the other side's proposed order before the trial judge signed the ABC Commission's order. Neither counsel responded to the other's proposed order. Accordingly, we find

nation that Allen was discharged for work-related cause would collaterally estop Allen from attempting to prove in his Whistleblower action that he was discharged for protected whistleblowing. In their brief filed with this appeal, the ABC Commission raised this argument as a basis for affirming the circuit court's order. In a letter dated August 1, 1995, the ABC Commission withdrew this argument because a similar argument was addressed in this court's opinion in *Shelton v. Oscar Mayer Foods Corp.*, — S.C. —, 459 S.E. (2d) 851 (Ct. App. 1995). In *Shelton* this court found that the Employment Security Commission's determinations were not preclusive.

that the trial judge correctly followed the procedure mandated by Rule 5(a), SCRCP.[3]

## II.

Allen asserts the trial judge erred in granting the ABC Commission's motion for summary judgment. We find no error.

## A.

Allen argues *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.E. (2d) 582 (1994) does not require the exhaustion of administrative remedies in all cases. Instead, Allen argues, *Hyde* grants the trial judge the discretion to determine whether such remedies must be exhausted, and the trial judge may vary from the general rule when there are circumstances which support an exception. In *Hyde* a state employee brought an action under the Whistleblower Act against the South Carolina Department of Mental Health ("the Department").[4] The Department raised as a de-

---

[3] In 1994, rule 5, SCRCP, was amended to include Rule 5(b)(3) which provides:

Any party providing a proposed order, proposed findings of fact or conclusions of law, or proposed judgment or other paper to the court for its consideration in any pending matter shall serve the same on all counsel of record at the same time and by the same means.

The Reporter's Note to the amendment states, in part:

This rule clarifies the intent of Rule 5(a) and requires that proposed orders, findings of fact and conclusions of law and other materials provided to the court are to be served on all counsel of record. The material is to be provided to all other counsel at the same time and by the same means as they are provided to the court. Thus opposing counsel will have the opportunity to review and comment on the proposed order before it is signed.

Although this amendment was not in effect at the time the motion for summary judgment was heard, we find this amendment supports our conclusion that the trial judge correctly followed Rule 5(a), SCRCP.

[4] In Hyde the court stated in a footnote the Whistleblower Act was subsequently amended to expressly provide that an employee seeking to bring a whistleblower action must exhaust all available grievance or other administrative remedies. Hyde, — S.C. at —, 442 S.E. (2d) at 583, n. 2. The court found this amendment supported its conclusion that administrative remedies must be exhausted. Id. Allen argues his action is under the Whistleblower Act existing prior to the amendment effective June 21, 1993, thus he should not be required to exhaust his administrative remedies. Allen relies on the dissenting opinion in Hyde, in which Justice Toal stated "administrative actions must be exhausted for actions filed after June 21, 1993 and not for actions filed before that date." Based on the majority opinion in Hyde, we find Allen was required to exhaust his administrative remedies. Moreover, we note Allen's initial complaint was dated July 27, 1993, and his amended complaint was dated September 16, 1993.

fense that Hyde failed to exhaust his administrative remedies available under the State Employee Grievance Act. The trial judge granted Hyde's motion to strike this defense. The Department appealed. In reversing the trial judge, the court found the trial judge abused his discretion in finding as a matter of law Hyde did not have to exhaust his administrative remedies simply because the Whistleblower Act did not expressly require it. The court stated, "[a] trial judge must have a sound basis for excusing the failure to exhaust administrative relief." *Id.* at 209, 442 S.E. (2d) at 583. The court concluded that because the trial judge found no exception to excuse the failure to exhaust administrative remedies, his decision to strike the defense was controlled by an error of law. Furthermore, the court held where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts. *Id.*

In this case, the trial judge correctly determined because Allen did not exhaust his administrative remedies under the State Employee Grievance Act, his Whistleblower action was foreclosed by *Hyde.* Allen had a grievable action under the State Employee Grievance Act which he voluntarily withdrew.[5] Based on *Hyde,* Allen was required to exhaust his administrative remedies before the State Employee Grievance Committee prior to instituting an action under the Whistleblower act.

### B.

Allen argues the trial judge did not address his contention that circumstances existed which supported an exception to the application of the general rule of exhaustion. We disagree. In *Hyde* out supreme court stated the general rule; administrative remedies must be exhausted absent circumstances supporting an exception to application of general rule. *Hyde,* 314 S.C. at 209, 442 S.E. (2d) at 583. We find the trial court addressed each of Allen's contentions, and correctly declined to excuse Allen's failure to exhaust his administrative remedies.

First, Allen asserts the difference in the types of relief

---

[5] *See* S.C. Code Ann. §§ 8-17-320(7), -330 (Rev. 1986 & Supp. 1995), defining "grievance" to include dismissal from employment.

available under the State Employee Grievance Act and the Whistleblower Act is sufficient to excuse his failure to exhaust his administrative remedies. Allen argues he elected to seek compensation for his damages, which is a remedy available under the Whistleblower Act but not available under the State Employee Grievance Act. Second, Allen argues that a judicially imposed exhaustion requirement under the Whistleblower Act deprives him of his right to elect between damages and reinstatement, as provided in S.C. Code Ann. § 8-27-30(A) (Supp. 1995). Third, Allen asserts that an adverse determination in the administrative proceedings would bar his right to recover under the Whistleblower Act. In light of these assertions, Allen argues, based on *Hyde,* there was not an "adequate administrative remedy" available for him to exhaust. We disagree.

The trial judge declined to excuse Allen's failure to exhaust on the basis Allen sought relief beyond that which the State Employee Grievance Committee is authorized to grant. We agree with the trial judge. The difference in remedies under the State Employee Grievance Act and the Whistleblower Act does not eliminate the exhaustion requirement. In *Bennett v. South Carolina Dep't of Corrections,* 305 S.C. 310, 408 S.E. (2d) 230 (1991) the supreme court found the exhaustion requirement did not bar the bringing of an action for statutory retaliatory discharge following the decision of the Grievance Committee. The court found the doctrines of *res judicata* and collateral estoppel do not bar statutory recovery for state employees, but they do bar relitigation of issues which have been decided or should have been presented to the State Grievance Committee. Applying *Hyde* and *Bennett,* Allen was required to exhaust his administrative remedies before the State Employee Grievance Committee prior to seeking additional remedies under the Whistleblower Act.[6]

---

[6] Allen also argues the trial judge should have excused his failure to exhaust his administrative remedies because the remedy of reinstatement to his former position was not available. Allen argues the restructuring of the ABC Commission not only abolished the agency, but also his former position. Pursuant to S.C. Code Ann. §§ 1-30-95, -120 (Supp. 1995), effective July 1, 1993, SLED and the Department of Revenue and Taxation succeeded the ABC Commission including "the employees, funds, property and all contractual rights and obligations associated with any such agency...." As an employee of the ABC Commission, Allen would have retained his rights as an employee despite the restructuring.

## C.

Finally, Allen asserts there is a statutory presumption of retaliatory animus, pursuant to the Whistleblower Act, which precludes the trial judge's grant of summary judgment as a matter of law. Based on our finding that the trial court correctly applied *Hyde* and required Allen to exhaust his administrative remedies prior to instituting a cause of action under the Whistleblower Act, we conclude the trial judge did not err in granting summary judgment in favor of the ABC Commission. Therefore, we need not address Allen's final argument.

Accordingly, the order of the trial judge is

Affirmed.

HOWELL, C.J., and CONNOR and HEARN, JJ., concur.