538 S.E.2d 245

Doris Stieglitz WARD, individually and on behalf of all others similarly situated, Appellants,

v.

The STATE of South Carolina, Respondent.

No. 25209.

Supreme Court of South Carolina.

Heard Oct. 4, 2000.
Decided Nov. 6, 2000.
Rehearing Denied Dec. 7, 2000.

John M.S. Hoefer, B. Craig Collins, and Paige Jones Gossett, of Willoughby & Hoefer, P.A.; and A. Camden Lewis, of Lewis, Babcock & Hawkins, L.L.P., all of Columbia, for appellants.

Vance J. Bettis, of Gignilliat, Savitz & Bettis, L.L.P., of Columbia, for respondent.

MOORE, Acting Chief Justice:

The circuit court granted the State's motion to dismiss. We reverse and remand.

## FACTS

This case was filed as a class action suit arising from State action taken as result of the *Davis v. Michigan Dep't of Treasury* [1] and *Bass* [2] cases. Following *Davis*, the General Assembly passed Act No. 189 of 1989 which eliminated the challenged tax exemption for state retirees and simultaneously increased the pension benefits for state retirees to offset the increased tax liability resulting from the lost exemption.[3] In 1998, appellants (Federal Retirees) brought this declaratory judgment action against the State alleging Act No. 189 is unconstitutional.[4] The Federal Retirees are also seeking an injunction against future taxation and damages in the form of repayment of past paid taxes.

 The State filed a motion to dismiss on the ground the circuit court lacked subject matter jurisdiction because the Federal Retirees failed to exhaust their administrative remedies under the South Carolina Revenues Procedures Act, S.C.Code Ann. §§ 12–60–10 *et seq.* (Supp.1999) (Revenues Procedures Act). On September 1, 1999, the circuit court granted the State's motion. The Federal Retirees appeal.

## ISSUE

Did the circuit court err in granting the State's motion to dismiss on the ground the Federal Retirees failed to ex-

---

1. 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). In *Davis*, the United States Supreme Court held a state could not tax federal and state retirement income differently. The Court held a state could either extend the same tax exemption to retired federal employees or eliminate the exemption for retired state employees.

2. *Bass v. State of South Carolina*, 302 S.C. 250, 395 S.E.2d 171 (1990)(*Bass I* ), *vacated and remanded*, 501 U.S. 1246, 111 S.Ct. 2881, 115 L.Ed.2d 1047 (1991); 307 S.C. 113, 414 S.E.2d 110 (1992)(*Bass II* ), *vacated and remanded*, 509 U.S. 916, 113 S.Ct. 3025, 125 L.Ed.2d 714 (1993).

3. 1989 S.C. Act No. 189 is codified in various code sections. *E.g.* S.C.Code Ann. §§ 9–1–1550(A)(3) and (B); 9–1–1767, 9–8–60(2); 9–11–60(2); and 9–11–300 (Supp.2000).

4. Specifically, the Federal Retirees are challenging the linkage between §§ 39 and 60. Sections 39 and 60 link the increase in state retirement benefits to the elimination of the tax exemption for state retirees' benefits.

 

haust their administrative remedy? [5]

## DISCUSSION

S.C.Code Ann. § 12–60–80 (2000) of the Revenues Procedures Act provides: "[T]here is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes." S.C.Code Ann. § 12–60–3390 (2000) of the Revenues Procedures Act states: "If a taxpayer brings an action covered by this chapter in circuit court, other than an appeal of an Administrative Law Judge decision or DMV hearing officer decision, the circuit court shall dismiss the case without prejudice." [6] On September 1, 1999, relying on § 12–60–3390, the

---

**5.** This issue does not involve subject matter jurisdiction. "The doctrine of exhaustion of administrative remedies is generally considered a rule of 'policy, convenience and discretion, rather than one of law, and is not jurisdictional.'" *Vaught v. Waites,* 300 S.C. 201, 205, 387 S.E.2d 91, 93 (Ct.App.1989) (citing *Andrews Bearing Corp. v. Brady,* 261 S.C. 533, 201 S.E.2d 241 (1973)). Further, "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 442 S.E.2d 598 (1994). Surely, the circuit court has the jurisdiction to hear declaratory judgment actions on the constitutionality of statutes. *Cf. Bardoon Props. v. Eidolon Corp.,* 326 S.C. 166, 485 S.E.2d 371, 373 (1997)(since subject matter jurisdiction refers to court's power to hear and determine cases of general class to which proceedings in question belong, whether or not party is "real party in interest" simply does not involve court's power to hear case or subject matter jurisdiction). Thus, the failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction. Furthermore, if there are exceptions to the exhaustion requirement, as discussed further herein, the issue cannot be one of subject matter jurisdiction. *See Atlanta Skin & Cancer Clinic v. Hallmark Gen. Partners,* 320 S.C. 113, 463 S.E.2d 600 (1995)(if the matter may be waived, it cannot involve subject matter jurisdiction).

**6.** The Federal Retirees argue in their brief that the State is somehow bound by an argument it made in *Joytime Distributors & Amusement Co. v. State of South Carolina,* 338 S.C. 634, 528 S.E.2d 647 (1999). S.C.Code Ann. § 12–60–80 provides there is no remedy other than that provided in Chapter 12. In *Joytime,* the State recognized § 12–60–80 as a potential procedural defense which it could waive. If waivable, the Federal Retirees contend § 12–60–80 cannot be a jurisdictional bar. We did not address this issue as *Joytime* was heard by the Court in its original jurisdiction. Further, we note in *Joytime,* the fees were paid under protest as required by the Revenues Procedures Act. 338 S.C. at

circuit court dismissed the Federal Retirees suit on the ground the Retirees had failed to exhaust their administrative remedies.

Subsequently, in *Video Gaming Consultants, Inc., v. South Carolina Dep't of Revenue*, 342 S.C. 34, 535 S.E.2d 642 (2000), we held that as a general rule, if the sole issue posed in a particular case is the constitutionality of a statute, a court may decide the case without waiting for an administrative ruling. The basis for our decision was that Administrative Law Judges (ALJs) come under the executive branch and must follow the laws as written. Allowing ALJs to rule on the constitutionality of a statute would violate the separation of powers doctrine.

In *Video Gaming*, we held agencies and ALJs could not rule on the validity of a statute. However, an agency or ALJ can still rule on whether a party's constitutional rights have been violated. Thus, contrary to the State's argument, merely asserting an alleged constitutional violation will not allow a party to avoid an administrative ruling.

■ The pivotal issue then is whether a party should be required to exhaust his administrative remedies under § 12–60–3390 when he is challenging the constitutionality of a statute. There are two types of exhaustion of remedies: judicially imposed and statutorily mandated. *See generally* 73 C.J.S. *Public Administrative Law and Procedure* § 38 (1980). The general rule is that while there are several exceptions that may be applied to the judicially-imposed exhaustion requirement, those that apply to a statutory requirement are few.[7] *Id.* When the exhaustion of remedies is statutorily

---

653, 528 S.E.2d at 656. Thus, *Joytime* cannot be cited as any authority on the issue currently before us.

7. While we have ... rather consistently applied the doctrine of exhaustion of administrative remedies to avoid interference with the orderly performance of administrative functions, we have recognized that it is not an invariable rule. For example, in *Pullman Co. v. Public Serv. Comm'n*, 234 S.C. 365, 108 S.E.2d 571, the application of the doctrine was approved as a "proper exercise of the discretion of the court." The adoption of the view that the rule is discretionary in nature is a recognition that situations can exist where failure to exhaust administrative remedies may be excused.
*Andrews*, 261 S.C. 533, 201 S.E.2d at 243.

mandated, as it is here, legislative intent prevails. 73 C.J.S. *Public Administrative Law and Procedure, supra; Cf. Hyde v. South Carolina Dep't of Mental Health,* 314 S.C. 207, 442 S.E.2d 582 (1994).

▪ Generally, the legislature will not require a futile act. Thus, a generally recognized exception to the requirement of exhaustion of administrative remedies exists when a party demonstrates that pursuit of them would be a vain or futile act. *Moore v. Sumter County Council,* 300 S.C. 270, 387 S.E.2d 455 (1990). More importantly, we will not construe a statute to do that which is unconstitutional. *Mitchell v. Owens,* 304 S.C. 23, 402 S.E.2d 888 (1991) (statutes are presumed to be constitutional and will be construed so as to render them valid). Requiring a party to go before an agency or ALJ who cannot rule on the constitutionality of a statute would be a futile act. Thus, as applied in this case, § 12–60–3390 would violate the separation of powers as espoused in *Video Gaming.* Interpreting the statute as not being applicable to declaratory judgment actions seeking to determine whether a statute is constitutional does not mandate a futile act and does not violate the separation of powers doctrine.

▪ As stated in *Video Gaming,* "if the sole issue posed in a particular case is the constitutionality of a statute, a court may decide the case without waiting for an administrative ruling . . . *Requiring* a party to raise an issue which cannot be ruled upon by an ALJ makes little sense" and certainly is not effective or appropriate.[8] Here, declaratory relief should not be refused as there is no other effective appropriate remedy under the circumstances. The agency and the ALJ cannot

---

**8.** Citing *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), the Federal Retirees contend having to exhaust administrative remedies when the agency and the ALJ cannot rule on the constitutional question violates due process. This argument is without merit. *See Ogburn–Matthews v. Loblolly Partners,* 332 S.C. 551, 561, 505 S.E.2d 598, 603 (Ct.App.1998) ("To prove the denial of due process in an administrative proceeding, a party must show that it was substantially prejudiced by the administrative process.")(citing *Palmetto Alliance, Inc. v. South Carolina Public Serv. Comm'n,* 282 S.C. 430, 319 S.E.2d 695 (1984)). While Federal Retirees may be burdened by having to exhaust their administrative remedies, they would not be "substantially prejudiced" so as to amount to a violation of due process.

rule on the constitutionality issue. In fact, requiring the agency or ALJ to rule on the constitutionality of Act 189 would violate the separation of powers doctrine. Thus, the statute does not apply in cases where the sole issue is whether a statute or other legislative action is constitutional.

The circuit court erred in dismissing the declaratory judgment and injunction causes of action and the case should be remanded.[9] In doing so, we want to clarify that simply because a party can file a declaratory judgment action challenging the constitutionality of a statute in circuit court does not mean that a party does not have to follow the Revenues Procedures Act when applicable.

**REVERSED AND REMANDED.**

WALLER and BURNETT, JJ., and Acting Justices H. SAMUEL STILWELL and WILLIAM L. HOWARD, concur.

---

**9.** Initially, the Federal Retirees contend that the Revenues Procedures Act is inapplicable in this case because they are challenging retirement statutes. We do not need to decide if the Revenue Procedures Act applies in this appeal of the motion to dismiss. However, whether the Revenues Procedures Act applies will be an integral part of the circuit court's resolution of the declaratory judgment action. Further, we emphasize simply because an agency or ALJ cannot rule on the constitutionality of a statute does not mean that all of provisions of the Revenues Procedures Act are inapplicable. *See Video Gaming, supra.*