**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

TD Bank, N.A., Successor by merger to Carolina First Bank, N.A., Respondent,

v.

Sunil V. Lalla and Sharon W. Lalla, Appellants.

Appellate Case No. 2015-002484

Appeal From Georgetown County
Joe M. Crosby, Master-in-Equity

Unpublished Opinion No. 2017-UP-266
Submitted June 1, 2017 – Filed June 28, 2017

**AFFIRMED**

S. Jahue Moore, of Moore Taylor Law Firm, P.A., of West Columbia, for Appellants.

Thomas Wm. McGee, III and Allen Mattison Bogan, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:** Dr. Sunil V. Lalla and Sharon W. Lalla appeal the master-in-equity's order appointing a receiver, arguing the master (1) erred in not staying the action after the Lallas filed a notice of appeal for the order and judgment of

foreclosure and sale, (2) erred in relying on an order that considered issues in the motion to alter or amend judgment that were not brought before the master, (3) erred in granting sale and foreclosure of the property, (4) erred in admitting testimony and evidence during the foreclosure hearing, (5) erred in finding the property in question was not the Lallas' primary residence, (6) improperly considered the absence of the Lallas in its order and judgment of foreclosure and sale, and (6) erred in pronouncing judgment TD Bank, N.A. did not seek. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue one, we find this issue is not preserved.  *See S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 658-59, 667 S.E.2d 7, 14-15 (Ct. App. 2008) (explaining an issue must be both raised to and ruled upon by the master to be preserved for appellate review); *Degenhart v. Knights of Columbus*, 309 S.C. 114, 118, 420 S.E.2d 495, 497 (1992) ("An issue on which the [master] never ruled and which was not raised in post-trial motions is not properly before this [c]ourt.").

2.  As to issues two through seven, we find the appropriateness of the master's order and judgment of foreclosure and sale has been litigated and finally decided by this court.  *See TD Bank, N.A. v. Lalla*, Op. No. 2016-UP-350 (S.C. Ct. App. filed July 6, 2016, refiled August 24, 2016) (affirming the master's order of judgment of foreclosure and sale); *Wright v. Marlboro Cty. Sch. Dist.*, 317 S.C. 160, 163-64, 452 S.E.2d 12, 14 (Ct. App. 1994) ("Under the doctrine of *res judicata*, a final judgment on the merits in a prior action will preclude the parties from relitigating any issues actually litigated or those that might have been litigated in the first action.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.