**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ralph L. Erwin, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, and the State of South Carolina, Respondents.

Appellate Case No. 2016-002534

———————

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-146
Submitted February 1, 2018 – Filed April 11, 2018

———————

**AFFIRMED**

———————

Ralph L. Erwin, of Spartanburg, pro se.

Stephanie Holmes Burton, of Gibbes Burton, LLC, of Spartanburg, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court

applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); *Wright v. Marlboro Cty. Sch. Dist.*, 317 S.C. 160, 163, 452 S.E.2d 12, 14 (Ct. App. 1994) ("The doctrine of *res judicata* originates from the principles that public interest requires an end to litigation and that no one should be sued twice for the same cause of action."); *id.* ("The *res judicata* defense requires a showing of three essential elements: (1) the prior judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matters properly included in the first action."); *id.* at 163-64, 452 S.E.2d at 14 ("Under the doctrine of *res judicata*, a final judgment on the merits in a prior action will preclude the parties from relitigating any issues actually litigated or those that might have been litigated in the first action."); Rule 41(b), SCRCP (providing, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction or for improper venue or for failure to join a party under Rule 19, operates as an adjudication upon the merits" (emphasis added)).[1]

**AFFIRMED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] As to Appellants remaining issues on appeal: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.