# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Shirley Whitfield, Individually and as personal representative of the Estate of William Whitfield, Appellant,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2019-001748

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Opinion No. 5962
Heard November 16, 2022 – Filed January 25, 2023

---

**AFFIRMED**

---

Douglas M. Muller, Paul M. Lynch, and Trudy Hartzog Robertson, all of Moore & Van Allen, PLLC, of Charleston, for Appellant.

Adam J. Neil and Elisabeth W. Shields, both of the South Carolina Department of Revenue, of Columbia, for Respondent.

---

**WILLIAMS, C.J.:** In this appeal from the administrative law court (the ALC), Shirley Whitfield, individually and as the personal representative for the estate of William Whitfield, argues the ALC erred in granting the South Carolina Department of Revenue's (the Department) motion to dismiss Whitfield's request

for a contested case hearing due to Whitfield's alleged failure to exhaust her administrative remedies.  We affirm.

## FACTS/PROCEDURAL HISTORY

On August 11, 2017, Whitfield filed her 2012 income tax return (the 2012 Return) with the Department, claiming a refund on her paid income taxes.[1]  On February 14, 2018, the Department issued a letter denying Whitfield's request for a refund (the 2012 Denial), stating Whitfield's claim for a refund was untimely pursuant to sections 12-54-85 and 12-60-470 of the South Carolina Code (2014).  The 2012 Denial stated:

> The Department is in receipt of your Individual Income Tax return . . . for the tax year 2012. . . .
>
> The request for refund is denied.  The claim was not made within the time required by law as outlined in SC Code Sections 12-54-85(F)(1), 12-54-85(D)(2)(3), and 12-60-470.  If you feel our determination is in error, you may appeal.  If you choose to appeal, you have 90 days from the date of this letter to submit a protest in writing. . . .  It must state all the reasons you disagree with the Department's denial of your refund . . . .

Whitfield did not file a protest within the ninety-day period.

On August 13, 2018, Whitfield filed her 2013 income tax return (the 2013 Return) with the Department, claiming a refund on her paid income taxes.[2]  On August 16, 2018, the Department issued a letter denying Whitfield's claim for a refund (the 2013 Denial), again stating Whitfield failed to timely file her request for a refund.  The 2013 Denial contained identical language to the 2012 Denial.  Whitfield did not file a protest within the ninety-day period.[3]

---

[1] In the 2012 Return, Whitfield requested the $114,644 be credited towards her 2013 taxes.

[2] In the 2013 Return, Whitfield requested the $168,440 be credited towards her 2014 taxes.

[3] There is no evidence in the record showing Whitfield did not receive the 2012 and 2013 Denials, and Whitfield does not make such an assertion.

On February 27, 2019, Whitfield submitted a protest to the Department, challenging the 2012 and 2013 Denials.[4]  On March 27, 2019, the Department issued two letters, one for each tax year, informing Whitfield that she failed to timely protest the denials within the stated ninety-day period.

On April 25, 2019, Whitfield filed a request for a contested case hearing with the ALC.  The Department subsequently filed a motion to dismiss Whitfield's action, alleging she failed to exhaust her administrative remedies before seeking review by the ALC.  The ALC issued an order granting the Department's motion.  This appeal followed.

**LAW/ANALYSIS**

Whitfield argues the ALC erred in dismissing her request for a contested case hearing.  Specifically, Whitfield asserts the ALC erred in finding she failed to exhaust her prehearing administrative remedies before seeking review by the ALC.  Whitfield additionally contends the ALC erred in finding it lacked subject matter jurisdiction to hear her case.  We disagree.

Whitfield's main contention is that her February 27, 2019 protest was timely under the provisions of the South Carolina Revenue Procedures Act (the RPA).  The Department found Whitfield failed to effectively protest its 2012 and 2013 Denials because she failed to file her protest within ninety days of each denial as required by section 12-60-450.  *See* S.C. Code Ann. § 12-60-450(A) (2014) ("A taxpayer can appeal a division decision or a proposed assessment by filing a written protest with the department *within ninety days* of the date of the division decision or the proposed assessment." (emphasis added)).  The ALC affirmed this finding of the Department and therefore found Whitfield failed to exhaust her administrative remedies before seeking further review.

To preserve her appellate rights, Whitfield should have filed her protests for the 2012 and 2013 Denials no later than May 15, 2018, and November 14, 2018, respectively.  Because she failed to do so and nothing in the record indicates she requested an extension, Whitfield failed to exhaust her prehearing administrative remedies before seeking review by the ALC.  *See* § 12-60-450(A) ("The department *may extend the time for filing a protest* at any time *before* the period

_____

[4] Whitfield's protest is not included within the record on appeal, but it is referenced in the Department's March 27, 2019 letters.

*has expired*." (emphases added)); S.C. Code Ann. § 12-60-510(A) (2014) ("Before a taxpayer may seek a contested case hearing before the Administrative Law Court, [s]he shall exhaust the prehearing remedy."); S.C. Code Ann. § 12-60-30(15) (2014) ("'Exhaustion of the taxpayer's prehearing remedy' means that the taxpayer: (a) filed a written protest as required by this chapter; . . . ."); *see also Storm M.H. ex rel. McSwain v. Charleston Cnty. Bd. of Trustees*, 400 S.C. 478, 487, 735 S.E.2d 492, 497 (2012) ("Whether administrative remedies must be exhausted is a matter within the trial judge's sound discretion and his decision will not be disturbed on appeal absent an abuse thereof." (quoting *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582–83 (1994))); *id.* ("The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule." (quoting *Hyde*, 314 S.C. at 208, 442 S.E.2d at 583)). "A commonly recognized exception to the requirement of exhaustion of administrative remedies exists when a party demonstrates that pursuit of administrative remedies would be a vain or futile act." *Id.* (quoting *Brown v. James*, 389 S.C. 41, 54, 697 S.E.2d 604, 611 (Ct. App. 2010)). This is not the case here. Therefore, the ALC properly dismissed Whitfield's action. *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 73–74, 716 S.E.2d 877, 880–81 (2011) ("Tax appeals to the ALC are subject to the Administrative Procedures Act (APA). Accordingly, we review the decision of the ALC for errors of law.").

Whitfield additionally asserts the ALC erred in finding it did not have subject matter jurisdiction to hear her case. *See Ward v. State*, 343 S.C. 14, 17 n.5, 538 S.E.2d 245, 246 n.5 (2000) ("[T]he failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction."). Whitfield conflates subject matter jurisdiction and appellate jurisdiction. In its order, the ALC stated, "Because Petitioner failed to exhaust her prehearing remedy, the matter is not properly before this Court on the merits of the case (whether the request for refunds were timely filed)." Accordingly, the ALC properly dismissed Whitfield's action because she failed to exhaust her administrative remedies.

**AFFIRMED.**

**THOMAS, J., and LOCKEMY, A.J., concur.**