1924

James E. PERRY, Appellant v. STATE LAW ENFORCEMENT DIVISION, Respondent.

(426 S.E. (2d) 334)

Court of Appeals

*David E. Massey* and *J. Marcus Whitlark*, Columbia, *for appellant.*

*Julian H. Gignilliat* and *Vance J. Bettis*, Columbia, *for respondent.*

Heard Oct. 12, 1992.

Decided Dec. 14, 1992.

BELL, Judge:

This is a breach of contract action. In May, 1988, the South Carolina Law Enforcement Division (SLED) dismissed its employee, James Perry, for divulging confidential information against agency policy. Perry unsuccessfully appealed his termination under SLED's internal grievance process. He then appealed SLED's decision to the South Carolina State Employee Grievance Committee pursuant to S.C. Code Ann. § 8-17-310 *et seq.* (1982), requesting reinstatement. On November 30, 1988, the Grievance Committee upheld the agency's decision discharging Perry. On December 13, 1988, Perry petitioned the Richland County Court of Common Pleas seeking judicial review of the Committee's ruling under Section 8-17-340. On March 1, 1990, he withdrew his petition, and four weeks later Perry filed suit against SLED in the Richland County Court of Common Pleas, alleging breach of contract and seeking damages. On September 6, 1990, the court granted summary judgment to SLED on the ground that the unappealed decision of the Grievance Committee was *res judicata.* Perry appeals. We affirm.

In November, 1987, Perry, a captain at SLED, obtained confidential tax records of a person being investigated by the South Carolina Tax Commission. Perry gave a copy of these records to a person with no official interest in the investigation. On May 4, 1988, the Tax Commission learned the records had been leaked. It asked SLED to conduct an investigation to determine who made the unauthorized release. The next day, the director of SLED asked Perry if he thought someone at SLED leaked the tax records. Perry did not admit at that time he released the information. SLED continued its investigation until May 18, 1988, when Perry confessed he gave the records to the unauthorized person. Five days later, SLED dismissed Perry for leaking the tax records, failing to admit when initially asked about the records that he leaked them, and causing SLED to waste valuable time and resources investigating the leak.

Perry argues the court erred in granting summary judgment because the Grievance Committee's decision denying reinstatement does not operate as *res judicata* against a subsequent action for breach of contract. Perry contends the Grievance Committee has jurisdiction to hear arguments only on reinstatement and not breach of contract. Therefore, because reinstatement and breach of contract are separate issues and because the Committee has jurisdiction to consider only reinstatement issues, *res judicata* should not bar his subsequent action for breach of contract.

The Supreme Court recently decided a similar case in *Bennett v. South Carolina Department of Corrections*, 305 S.C. 310, 408 S.E. (2d) 230 (1991). Bennett, a state employee, appealed his discharge to the South Carolina State Grievance Committee, which upheld the discharge. Bennett did not seek judicial review of the Committee's ruling in the circuit court, but instead brought a separate action in circuit court under S.C. Code Ann. § 41-1-80 (1986). Section 41-1-80 provides a cause of action to employees who allege their employer discharged them for filing or participating in a workers' compensation claim. The Supreme Court held that Bennett's failure to appeal the Committee's decision barred his subsequent suit, because by not seeking judicial review of the decision, he abandoned his only opportunity to gain a favorable ruling on the issues involving his termination.

Perry would distinguish his case by arguing that in *Bennett* the Grievance Committee's administrative decision and the subsequent civil suit involved the same issue, whether Bennett was discharged in retaliation for filing a workers' compensation claim. Perry argues that his case, on the other hand, involves two separate claims, reinstatement before the Grievance Committee and breach of contract before the circuit court. Perry cites *Pauk v. Board of Trustees of the City of New York*, 119 Misc. (2d) 663, 464 N.Y.S. (2d) 953 (Sup. Ct. 1983), in support of this distinction. Pauk, an assistant professor at a state college, was terminated prior to receiving tenure. He appealed his termination and sought reinstatement claiming his length of service entitled him to tenure. His administrative appeal was denied. Nearly six years later, Pauk instituted a civil suit in which he claimed the state breached his employment contract by not granting him

tenure. The court denied the state's motion to dismiss the contract claim, because Pauk could not have raised breach of contract in the earlier administrative appeals proceeding. Therefore, the court ruled *res judicata* did not bar the subsequent breach of contract civil suit.

We find the New York trial court's ruling in *Pauk* unpersuasive for the reasons set forth in the Appellate Division's opinion reversing that decision. *See Pauk v. Board of Trustees of the City University of New York*, 111 A.D. (2d) 17, 488 N.Y.S. (2d) 685 (App. Div. 1985), *aff'd*, 68 N.Y. (2d) 702, 506 N.Y.S. (2d) 308, 497 N.E. (2d) 675 (1986).[1] On appeal, the court held the denial of reinstatement in the administrative proceeding barred the subsequent breach of contract suit, because the two claims arose out of the same or related facts and because Pauk sought essentially the same relief in the two actions. The appellate court noted that although the administrative body could not enforce private contractual rights and award damages, the body could decide whether the state had unjustly dismissed Pauk.

Likewise, we hold the Grievance Committee's decision denying Perry's reinstatement bars this suit for breach of contract. The two actions arise out of the same facts, and they seek adjudication that Perry's discharge was unwarranted. Although the Committee could not award contract damages, it had general power to determine whether Perry's dismissal was appropriate under the SLED policy manual, which Perry now contends constitutes a contract. Perry could have defended against his dismissal before the Committee by asserting the same rights and defenses available to him in a breach of contract action.

In his complaint alleging breach of contract, Perry claimed in pertinent part:

> 7. That the reasons for [Perry's] discharge were not supported by the actual facts and therefore his discharge was improper.
> 8. That when [Perry] was terminated [SLED] breached

---

[1] The New York Court of Appeals affirmed the Appellate Division, noting that Pauk would have received back wages as incidental relief had he been reinstated by the administrative panel. Likewise, in this case, had Perry prevailed before the Grievance Committee, he could have been reinstated with back pay. *See* 23A S.C. Code Ann. Regs. 19-706.02(H).

its employment agreement, ignored Agency policy concerning "Standard Ranges of Penalties," and [SLED] therefore breached its contract of employment with resulting damages to [Perry].

In the proceeding before the Grievance Committee, Perry had the opportunity to raise these same issues. The Committee ruled that Perry failed to comply with the SLED Code of Conduct and discharge was an appropriate penalty under the policy manual.

It is well settled that under the doctrines of *res judicata* and collateral estoppel, the decision of an administrative tribunal precludes the relitigation of issues addressed by that tribunal in a collateral action. *Bennett v. South Carolina Department of Corrections, supra; Earle v. Aycock*, 276 S.C. 471, 279 S.E. (2d) 614 (1981). A subsequent action is barred when there is identity of parties, identity of subject matter, and adjudication of the same issues in the prior action. *Bell v. Bennett,* — S.C. —, 414 S.E. (2d) 786 (Ct. App. 1992). Perry cannot raise in this civil suit under a separate cause of action the same issues that the Grievance Committee decided.

We affirm the circuit court's granting of summary judgment against Perry. Because Perry is barred from bringing this action, we need not reach the other issues he raises on appeal.

The judgment of the circuit court is

Affirmed.

CURETON, J., and BAROODY, A.J., concur.