THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Brightharp, Jr., Respondent,
 v.
 South Carolina Department of Corrections, Appellant.
 
 
 

Appeal From Dorchester County
 Diane S. Goodstein, Circuit Court Judge
Unpublished Opinion No. 2009-UP-341
Heard April 23, 2009  Filed June
 16, 2009
AFFIRMED IN PART, VACATED IN
 PART, AND REMANDED

 
 
 
 D.
 Keith Bolus, of North Charleston, for Respondent.
 Lake
 E. Summers, of Columbia, for Appellant.
 
 
 

PER
 CURIAM: 
 The South Carolina Department of Corrections (the Department) appeals the
 circuit court's decision reversing the denial of back pay to William
 Brightharp, Jr.  We affirm in part, vacate in part, and remand.
FACTS
In
 April of 2003, Brightharp, a long-time corrections officer, was placed on
 administrative suspension without pay pending homicide by child abuse charges
 filed against him.  These charges related to Brightharp's second job supervising
 and managing emotionally disturbed children/adolescents in an inpatient setting
 at New Hope Treatment Center.  He and two other employees were accused of
 improperly restraining a minor patient who died of asphyxiation.  Brightharp
 filed a grievance with the Department asking to be allowed to work in some sort
 of capacity during the investigation of the charges against him.   He wrote:

 I have not gone
 to court[;] therefore, I'm innocent till proven otherwise.  By allowing me to
 work I may continue[] to up hold my obligation to this agency and my family.  
 

Brightharp's
 request for reinstatement was investigated by Crystal Rookard, the Department's
 Deputy General Counsel.  Rookard filed a report with Robert E. Ward, the Acting
 Director of the Department's Division of Operations, who upheld Brightharp's administrative
 suspension.  In the letter informing Brightharp his suspension was being
 upheld, he was advised he could continue the grievance process by appealing to
 the Director of the Department.  Brightharp did not pursue his grievance any
 further.
In
 August of 2004, the Department's Policy Number ADM-11.04, dealing with corrective
 actions, was amended to include a discussion of administrative suspensions.[1]  It stated:  

 Administrative
 Suspension refers to a period of suspension without pay that may exceed 15
 workdays if the alleged violation requires that an employee not be allowed to
 return to work pending the outcome of an internal/external investigation or
 when the presence of an employee presents a perceived threat or danger to the
 health and/or safety of other employees or to the operation or security of an
 office or institution.  (NOTE: If an employee is authorized to return to work,
 reimbursement for back pay may or may not be approved by the Division Director
 of Human Resources based on the circumstances of administrative suspension.)  
 

In
 February of 2005, the charges against Brightharp were dismissed.  The
 Solicitor's Office provided Brightharp with a letter explaining the deceptive
 actions of the administration at New Hope Treatment Center were directly
 responsible for Brightharp's indictiment.  Had the parties been truthful, the
 letter stated, charges would never have been brought against Brightharp.  Brightharp
 submitted a Notification of Arrest/Disposition form and the letter from the
 solicitor's office to the Department.  He was taken off administrative suspension
 and returned to work at Lieber Correctional Institute, but was denied back pay. 
 Unsatisfied with this resolution, Brightharp filed a grievance in which he requested
 back pay for the two years he was on administrative suspension and credit for
 time lost.  
The
 Department's Division of Human Resources informed Brightharp his grievance
 regarding the denial of back pay was an improper attempt to reopen his April
 2003 grievance.  Brightharp was informed via letter at the next appellate level
 that "[t]he appeal must be denied because you failed to exhaust
 administrative remedies at the agency level. . . . Since you failed to exhaust
 and did not initiate an appeal with the State Human Resources Director [in
 2003] within the time frame established by the Act, the merits of your appeal
 were not reviewed." 
Brightharp
 appealed the denial of back pay to the circuit court.  The circuit court heard
 Brightharp's appeal and requested the Department substantiate the record with
 respect to the basis for the denial.  In response, the Department provided the circuit
 court with the affidavit of its Director of Human Resources, John Near.  In his
 affidavit, Near stated that under Policy Number ADM-11.04 he was the proper
 party to make the decision regarding the award of back pay to Brightharp.  He
 stated he reviewed the letter submitted by the solicitor's office along with
 Brightharp's Notification of Arrest/Disposition form on March 2, 2005.  Near
 made a handwritten notation on the form:  "No further action required. 
 Approved to reinstate per legal to previous salary with general increase
 effective upon reinstatement. No salary backpay or service reinstatement." 
 Near stated that on March 3, 2005, he reviewed Brightharp's employment history
 and again made a handwritten notation:  "I believe [Brightharp] will
 return to work on Friday 3/4/05.  Please ensure general increase is awarded at
 that time.  No backpay and no service reinstatement."  Near further stated
 he disapproved Brightharp's back pay in light of the Department's historical
 practice of not awarding back pay when an administrative suspension without pay
 was imposed as a result of an arrest, indictment, or prosecution unrelated to
 employment with the Department and outside of the Department's control.  
The
 circuit court concluded Brightharp's 2003 grievance had not animated a request
 for back pay and that he had been denied due process because the Department had
 failed to consider the merits of his request.  The circuit court found
 Brightharp could not have requested back pay in his 2003 grievance because the
 back pay provision of Policy Number ADM-11.04 was not in place at that time.  The
 court further concluded the Department had provided no evidence to substantiate
 its decision to deny Brightharp's request and reversed the denial of
 Brightharp's request for back pay.  This appeal followed.
STANDARD OF REVIEW
Under the scope of review
 established in the Administrative Procedures Act, this court may not substitute
 its judgment for the judgment of the agency as to the weight of the evidence on
 questions of fact.  S.C.
 Code Ann. § 1-23-380(5) (Supp. 2008).  A reviewing court may reverse or modify
 a final agency decision if the agency's findings, inferences, conclusions or
 decisions are "affected by . . . error of law," are "clearly
 erroneous in view of the reliable, probative, and substantial
 evidence on the whole record," or are  "arbitrary or capricious or
 characterized by abuse of discretion or clearly unwarranted exercise of
 discretion."  §
 1-23-380(5)(d)-(f).
LAW/ANALYSIS
I.  Exhaustion
 of Administrative Remedies 
The
 Department argues Brightharp's 2003 request for reinstatement animated a
 request for back pay; therefore, his failure to exhaust his administrative
 remedies in 2003 precluded consideration of his request in 2005.  We disagree.
No
 specific provision indicates when or how an employee is to make a request for
 back pay.  The Department's argument seems to hinge on the fact that if Brightharp's
 suspension had been reversed, he would automatically have been granted back
 pay.[2]  However, according
 to Policy Number ADM-11.04, the Department's Director of Human Resources makes the
 decision regarding back pay in his discretion.  The policy does not mention any
 requirement that the employee's suspension be found to have been unlawful or
 improper.  Consequently, the award of back pay is not tied directly to a
 determination regarding the lawfulness of the suspension, a matter that may
 well have been abandoned when Brightharp did not pursue his 2003 grievance.  Therefore,
 we agree with the circuit court that a request for back pay was not necessarily
 included in a request for reinstatement, and thus, the filing of Brightharp's
 2005 grievance was not an attempt to reopen his 2003 grievance.  
II.  Due
 Process
The
 Department next contends it did not violate Brightharp's due process rights by
 failing to consider his grievance on the merits.  We disagree. 
The right to hold specific employment and the
 right to follow a chosen profession free from unreasonable governmental
 interference come within the liberty and property interests protected by the
 Due Process Clause [of the Fourteenth Amendment].  Sloan v. S.C. Bd. Of
 Physical Therapy Exam'rs, 370 S.C. 452, 483, 636 S.E.2d 598, 615 (2006).
Procedural due process in matters regarding a property or liberty
 interest generally includes "adequate notice, the opportunity to be heard
 at a meaningful time and in a meaningful way, the right to introduce evidence,
 the right to confront and cross-examine witnesses whose testimony is used to
 establish facts, and the right to meaningful judicial review."  Id. at 484-85, 636 S.E.2d at 615.  
We
 have concluded Brightharp's 2005 grievance should not have been disposed of on
 procedural grounds but should have been considered on the merits.  We must now
 consider whether he was afforded the required due process.  
Evidence
 in the record suggests Near, the Department's Director of Human Resources, considered
 Brightharp's entitlement to back pay on the merits.  In his affidavit, Near
 stated he considered the letter from the solicitor's office detailing the
 circumstances of Brightharp's indictment, as well Brightharp's employment
 history with the Department.  Near also factored in the Department's historical
 practice of not awarding back pay for suspensions related to outside matters.  However,
 according to correspondence from the Department's Division of Human Resources
 and the State Director of Human Resources, Brightharp's appeal from that decision
 was not reviewed on its merits.  We agree with the circuit court that this
 deprived Brightharp of due process.
In
 reaching its ultimate ruling, the circuit court found Near's reliance on the
 historical practice of denying back pay was essentially a pretext because the
 language of Policy
 Number ADM-11.04 was only amended a few months prior to Near's decision.  The
 circuit court then affirmatively granted Brightharp's request for back pay.  We
 believe this action went beyond the permissible scope of judicial review, and
 the appropriate action would have been to remand the matter to the Department
 for review of Near's decision on the merits. 
Accordingly,
 the circuit court's award of back pay is vacated and the issue of Brightharp's
 grievance is remanded for a review on the merits to be conducted in accordance
 with the Department's grievance policy.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
HUFF, WILLIAMS, and KONDUROS, JJ., concur.

[1] In the 2002
 edition of this policy, administrative suspension was not discussed in any
 detail, but was listed as an option available to the reprimanding authority.
[2] This position
 may be supported in some respects by Perry v. State Law Enforcement Div., 310 S.C. 558,
 426 S.E.2d 334 (Ct. App. 1992).  In Perry, a terminated SLED officer
 appealed his dismissal but did not exhaust his administrative remedies on the
 point.  Id. at 559, 426 S.E.2d at 335.  Subsequently, Perry brought a breach of contract action in circuit court.  Id.  This court
 found res judicata barred the litigation of Perry's claims
 because if his appeal requesting reinstatement was granted, he could have
 received back pay.  Id. at 561 n.1, 426 S.E.2d at 336 n.1.