# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Lorenda Robinson, Elaine Nix, Archie Patterson and Tami Bollerman, Plaintiffs,

Of Whom Archie Patterson and Tami Bollerman are the Respondents,

v.

South Carolina Department of Employment and Workforce, Appellant.

Appellate Case No. 2019-000599

---

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge,
Clifton Newman, Circuit Court Judge

---

Opinion No. 6055
Heard August 17, 2023 – Filed April 3, 2024

---

### REVERSED

---

Robert E. Tyson, Jr., Vordman Carlisle Traywick, III, and Robert E. Stepp, all of Robinson Gray Stepp & Laffitte, LLC, all of Columbia; and Kenneth P. Woodington and William H. Davidson, II, both of Davidson, Wren & DeMasters, of Columbia, all for Appellant.

C. Bradley Hutto, of Williams & Williams, of Orangeburg; Daniel Webster Williams, of Bedingfield & Williams, of Barnwell; Susan B. Berkowitz and Adam

Protheroe, both of South Carolina Appleseed Legal Justice Center, of Columbia; and Alexander D. Paterra, of The Paterra Law Firm, LLC, of Greenville, all for Respondents.

Kenneth M. Moffitt, Jessica J. Godwin, and John Potter Hazzard, V, all of Columbia, for Amicus Curiae Thomas Alexander, President of the South Carolina Senate.

Patrick Graham Dennis, Haley Mottel Symmes, and Steven Robert Davidson, all of Columbia, for Amicus Curiae G. Murrell Smith, Speaker of the South Carolina House of Representatives.

---

**VINSON, J.:**  In this declaratory judgment action, the South Carolina Department of Employment and Workforce (DEW) appeals the circuit court's orders[1] granting judgment in favor of named plaintiffs Archie Patterson and Tammie Bollerman (collectively, Claimants), arguing the circuit court erred by (1) certifying a class, and in the alternative, failing to require a claims-made process, (2) declaring DEW was required to promulgate regulations implementing its online work search requirement, and (3) concluding Claimants were not required to exhaust their administrative remedies prior to bringing this action.  We reverse.

**FACTS AND PROCEDURAL HISTORY**

In the 2011–2012 Appropriations Act, the General Assembly enacted the following budget proviso pertaining to DEW:

> (DEW: SUTA Contingency Assessment Funds)  Thirty percent of the funds appropriated through the contingency assessment funds collected on taxable wages

---

[1] DEW appeals seven orders: the (1) May 5, 2016 order certifying the class; (2) April 27, 2017 order finding Claimants had standing; (3) October 30, 2017 order denying DEW's motion to reconsider the April 27, 2017 and May 5, 2016 orders; (4) February 15, 2019 order ruling in favor of Claimants on the merits; (5) March 11, 2019 order denying DEW's motion to reconsider the merits order; (6) March 21, 2019 order granting Claimants' motion to amend the merits order; and (7) July 22, 2020 order denying DEW's motion to reconsider the March 21, 2019 order.

paid by employers shall be spent on enforcement of [s]ection 41-35-110(3) and [s]ection 41-35-120(5) of the [South Carolina Code (2021)[2]], via Eligibility Reviews, Random Verification of Job Contacts and Wage Cross Matches during those weeks covered by the South Carolina State Unemployment Tax Authority (SUTA), and to ensure seated meetings with Unemployment Insurance claimants *and requiring that one of the four job search contacts required per week be conducted through SC Works Online System (SCWOS), so that it can be electronically verified.* The agency must also inform claimants in advance that Eligibility Reviews and Random Verification of Job Contacts will be used by the Department to verify compliance with laws administered by the agency.

Act No. 288, 2012 S.C. Acts 448, § 67.7 (emphasis added). The General Assembly passed identical provisos in 2013, 2014, and 2015. *See* Act. No. 101, 2013 S.C. Acts 475-76, § 83.6; Act No. 286, 2014 S.C. Acts 503, § 83.6; Act No. 91, 2015 S.C. Acts 484-85, § 83.5. The proviso remained in effect until July 1, 2016.[3] In August 2012, after providing advance notice to unemployed insurance benefits claimants, DEW began requiring these individuals to conduct at least one job search per week using SCWOS in accordance with the directive contained in the proviso. DEW distributed a letter titled "Procedure Transmittal Letter Number 1267-3" to all department heads, area directors, claim supervisors, and staff managers on August 10, 2012. The letter explained that beginning with the claim week ending August 11, 2012, any claimants who failed to comply with the online job search requirement for a given week would be notified their benefits were stopped because they failed to make a job search through SCWOS for the specified claim week. The letter further provided,

---

[2] *See* § 41-35-110(3) (providing "[a]n unemployed insured worker is eligible to receive benefits with respect to a week only if [DEW] finds he: . . . is able to work and is available for work . . . and . . . is himself actively seeking work"); § 41-35-120(5) (providing, in pertinent part, "[a]n insured worker is ineligible for benefits . . . [i]f [DEW] finds he has failed, without good cause: . . . to apply for available suitable work, when so directed by the employment office or [DEW]").
[3] In 2017, DEW promulgated a regulation addressing this requirement. *See* S.C. Code Ann. Regs. 47-104 (Supp. 2023).

Warnings are NOT acceptable for SCWOS work searches. Claimants will not be given a warning if they fail to meet this requirement. There may be a few extraordinary circumstances, such as a court order prohibiting a claimant from using the Internet, or for a claimant whose first language is not English and (s)he cannot read the instructions on SCWOS, where a claimant may be justified in failing to make job searches through SCWOS.

Prior to DEW's implementation of the online work search requirement, individuals claiming unemployment benefits received weekly benefits automatically through DEW's automated system. In other words, benefits were paid unless DEW staff took action to stop the payment. Although DEW required claimants to maintain a paper form, "Form UCB-303," documenting contacts with potential employers each week, verifications of this information did not occur on a weekly basis but occurred on an unspecified, periodic basis. Once the online work search requirement took effect, however, DEW's system automatically stopped benefits payments when it detected a claimant failed to conduct the online search. These claimants then received a written notice explaining their benefits had been stopped and instructing them to report to their local "SC Works Center" immediately if they "would like to receive future benefits." It also instructed them to bring the written notice and their Form UCB-303. The instruction telling them to report to a local employment center was the claimant's opportunity to provide DEW with a statement regarding their failure to perform the online search and to seek payment of the benefits for which they had been deemed ineligible; however, the written notice did not explain this. Numerous individuals failed to comply with this online work search requirement and were denied their weekly benefits as a result.

On February 14, 2013, Claimants filed this declaratory judgment action as a putative class action.[4] Claimants moved to certify the class in May 2013. In their amended complaint filed February 17, 2015, Claimants[5] requested the circuit court (1) certify the class, (2) declare DEW was required to promulgate regulations implementing its online work search requirement, (3) temporarily enjoin DEW from enforcing its policy requiring an online job application, and (4) require DEW

---

[4] Circuit Court Judge Doyet A. Early, III, designated the case as complex and appointed himself to hear all matters in the case until its conclusion.
[5] Although additional individuals were initially named as plaintiffs, ultimately, only Claimants proceeded as class representatives.

to account for and pay all benefits denied as a result of its policy of online applications.

Claimants asserted in their amended complaint that they were wrongfully denied benefits for failing to conduct an online search through SCWOS because DEW implemented this policy without first promulgating regulations. They asserted sections 41-27-510[6] and 41-35-610[7] of the South Carolina Code (2021) and the Administrative Procedures Act, sections 1-23-10 to -680 of the South Carolina Code (2005 & Supp. 2023), required DEW to promulgate regulations before implementing the online work search requirement. Alternatively, they alleged this new policy constituted a binding norm that must be implemented through regulation.

In its amended answer, DEW asserted Claimants were not entitled to relief because they failed to exhaust their administrative remedies and it was not required to promulgate regulations because the online work search requirement was authorized by the General Assembly through the proviso.

DEW filed its first motion for summary judgment in March 2014, which the circuit court denied. In its second motion for summary judgment filed in April 2015, DEW argued that as to Claimants' amended complaint, the directives contained in the proviso authorized it to implement the online work search requirement and it was therefore not required to promulgate regulations to implement it. DEW additionally asserted Claimants were not entitled to relief because they lacked standing and failed to exhaust their administrative remedies. Claimants filed a cross-motion for summary judgment. The circuit court heard both motions in January 2016. In its May 5, 2016 order, the circuit court granted Claimants' earlier motion to certify the class, concluding Claimants met the five prerequisites for class certification pursuant to Rule 23, SCRCP, and denied the parties' cross-motions for summary judgment.

DEW filed a Rule 59(e), SCRCP, motion to alter or amend the class certification order, arguing the circuit court failed to address the issue of standing and adequate

---

[6] *See* § 41-27-510 ("[DEW] must promulgate regulations applicable to unemployed individuals, making distinctions in the procedures regarding total unemployment, part-total unemployment, partial unemployment of the individuals attached to their regular jobs and other forms of short-time work as [DEW] considers necessary.").
[7] *See* § 41-35-610 ("[A] claim for benefits must be made pursuant to regulations [DEW] promulgates.").

representation in its order. The parties filed a consent motion seeking an evidentiary hearing on the issue of standing of the individual plaintiffs and to hold DEW's 59(e) motion in abeyance. The circuit court held hearings on the standing issue on November 2, 2016, and January 11, 2017. Claimants both testified.

Bollerman testified that when she failed to receive her benefits check, she contacted DEW. She explained to a DEW staff member[8] that she conducted at least four job searches, including the online job search. Bollerman noted she completed a Form UCB-303 but was not asked to provide it. She testified she told the staff member she went through SCWOS but might have inadvertently navigated away from the site when she attempted to apply for a position. Bollerman stated she also explained to the staff member she conducted some of her searches on Saturday and was told DEW was "having problems" with the system and it "was[ no]t counting Saturday searches." Bollerman acknowledged the determination she received from DEW informed her the decision would be final unless she filed an appeal within ten days. She stated she did not file an appeal of that determination.

Patterson testified that when he did not receive his benefits check for the week ending August 25, 2012, he visited the unemployment compensation office. He stated he could not remember if he was told the reason he did not receive a check was because he failed to complete one of his job searches online. Patterson indicated he *did* complete an online job search for that week but when he did not receive a check he "assum[ed] that [DEW] did[ no]t get [his] paperwork." He explained that when he reported to the unemployment compensation office, the staff member "said just put anything down, so [he] said [he] forgot" to do the search. He agreed he did not appeal.

The circuit court issued an order on April 27, 2017, finding Claimants had standing to bring the action and represent the class. The circuit court determined Claimants each had individual standing and rejected DEW's argument that they lacked standing because they failed to exhaust their administrative remedies when they failed to appeal DEW's denial of benefits. The circuit court reasoned "any appeal concerning whether [they] were required to complete an online job search would be futile" because Romi Robinson, chief administrative hearing officer of DEW,

---

[8] A DEW employee, Kevin Cummings, testified during the November 2016 hearing on standing that Bollerman gave her statement to a "factfinder" who then provided her statement to a "claims adjudicator," and the claims adjudicator determined Bollerman was not eligible for benefits for that week.

testified a hearing officer had no authority to rule on the issue of whether DEW was required to promulgate a regulation regarding the online searches. The circuit court further reasoned exhaustion was not required because Claimants alleged DEW acted outside of its authority. DEW filed a Rule 59(e), SCRCP, motion to reconsider the April 27, 2017 order. On October 30, 2017, the circuit court denied DEW's motions to reconsider its May 5, 2016 class certification order and April 27, 2017 order finding Claimants had standing.[9]

The circuit court held a merits hearing on October 31, 2018. Prior to the hearing, the parties stipulated either party could submit affidavits, deposition testimony, and testimony from previous court hearings as evidence; no witnesses testified during the merits hearing.[10] The evidence included affidavits, deposition testimony, and hearing testimony of several DEW employees, including Cummings and Robinson. In addition, Claimants included a Legislative Audit Council review that recommended DEW promulgate regulations implementing the online search requirement. On February 15, 2019, the circuit court issued an order ruling in favor of Claimants. The circuit court stated DEW failed to promulgate regulations regarding the online work search requirement and was therefore without authority to implement it. The circuit court concluded the budget proviso simply directed the expenditure of monies and did not suspend any other statutes governing DEW or relieve DEW of its statutory duty to promulgate regulations to implement the online work search requirement. The circuit court again determined Claimants met their burden of establishing standing. The circuit court next concluded Claimants' failure to exhaust their administrative remedies was excused because (1) pursuing such remedies would have been futile and (2) DEW was acting outside of its authority when it implemented the online work search requirement without first promulgating regulations. Additionally, the circuit court rejected DEW's argument Claimants were time barred from bringing this action under section 41-35-660 of the South Carolina Code (2021)[11] because this was not an appeal from an initial

---

[9] DEW appealed the circuit court's May 6, 2016 and April 27, 2017 orders. This court dismissed DEW's appeal as not immediately appealable, and our supreme court denied DEW's petition for a writ of certiorari.

[10] In addition, Claimants submitted a proposed class notice to the circuit court. By consent order, the parties agreed to withhold sending notice to class members until a final resolution of this case.

[11] *See* § 41-35-660 (providing a claimant may "file an appeal from an initial determination, redetermination, or subsequent determination *not later than ten days* after the determination was mailed to his last known address" (emphasis added)).

determination, redetermination, or subsequent determination. Finally, the circuit court reaffirmed its previous order certifying this case as a class action. The circuit court additionally included a requirement that the class proceed on a "claims-made" basis. The circuit court required class members must "still show that they satisfied the requirements to receive benefits for the week or weeks in question[] once the disqualification for failure to make an online work search is removed." Claimants filed a 59(e), SCRCP, motion, requesting that the circuit court remove the requirement that the class proceed on a claims-made basis. The circuit court granted the motion and issued an amended order on March 21, 2019, concluding a claims-made process was unnecessary.

DEW filed Rule 59(e), SCRCP, motions as to both the February 15, 2019 order and the March 21, 2019 order. On July 22, 2020, the circuit court[12] granted DEW's 59(e) motion only as to the parties' stipulation to modify the language in the March order and the corresponding language in the February order regarding notice to the class. This language was modified to provide that persons who had otherwise exhausted the full amount of unemployment benefits they were entitled to receive during any pertinent period were excluded from the class. This appeal followed.

## STANDARD OF REVIEW

"Whether administrative remedies must be exhausted is a matter within the [circuit court]'s sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof." *Cox v. S.C. Educ. Lottery Comm'n*, 441 S.C. 209, 217, 893 S.E.2d 342, 346 (Ct. App. 2023) (alterations in original) (quoting *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582-83 (1994)). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).

## LAW AND ANALYSIS

DEW argues Claimants were statutorily required to exhaust their administrative remedies and the futility exception did not apply. DEW asserts the exclusive method for challenging its determinations regarding unemployment benefits and review of such decisions is provided by statute. DEW further contends that DEW,

---

[12] The Chief Judge for Administrative Purposes, Circuit Court Judge Clifton Newman, heard this motion because Judge Early retired after entering the prior orders at issue.

the Appellate Panel, and the Administrative Law Court (ALC) all had authority to address the issue of whether DEW was required to promulgate a regulation regarding the online work search requirement. We agree.

"Relief is not generally available to one who has not exhausted administrative remedies." *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 319 S.C. 388, 390, 461 S.E.2d 819, 821 (1995). "Declaratory relief will ordinarily be refused where another remedy will be more effective or appropriate under the circumstances." *Id.* "Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts." *Hyde*, 314 S.C. at 208, 442 S.E.2d at 583.

"[T]he doctrine of exhaustion of administrative remedies is generally considered a rule of policy, convenience and discretion, rather than one of law, and is not jurisdictional." *Cox*, 441 S.C. at 218, 893 S.E.2d at 347 (alteration in original) (quoting *Storm M.H. ex rel. McSwain v. Charleston Cnty. Bd. of Trs.*, 400 S.C. 478, 487, 735 S.E.2d 492, 497 (2012)).

"The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule." *Hyde*, 314 S.C. at 208, 442 S.E.2d at 583. "A [circuit court] must have a sound basis for excusing the failure to exhaust administrative relief." *Id.* at 209, 442 S.E.2d at 583.

> There are two types of exhaustion of remedies: judicially imposed and statutorily mandated. The general rule is that while there are several exceptions that may be applied to the judicially-imposed exhaustion requirement, those that apply to a statutory requirement are few. When the exhaustion of remedies is statutorily mandated . . . legislative intent prevails.

*Ward v. State*, 343 S.C. 14, 18-19, 538 S.E.2d 245, 247 (2000) (citations omitted) (footnotes omitted). "[An] exception to the requirement of exhaustion of administrative remedies exists when a party demonstrates that pursuit of them would be a vain or futile act." *Id.* at 19, 538 S.E.2d at 247. "Futility, however, must be demonstrated by a showing comparable to the administrative agency taking 'a hard and fast position that makes an adverse ruling a certainty.'" *Cox*, 441 S.C. at 221, 893 S.E.2d at 348 (quoting *Brown v. James*, 389 S.C. 41, 54, 697 S.E.2d 604, 611 (Ct. App. 2010)); *see also Smith v. S.C. Ret. Sys.*, 336 S.C. 505,

526-27, 520 S.E.2d 339, 350-51 (Ct. App. 1999) (holding a party's belief "even with good reason[] that [the agency would] reject her claim[] d[id] not establish futility as a basis for excusing exhaustion in the absence of a definitive statement by the agency administrator").

"A party is not required to exhaust administrative remedies if the issue is one that cannot be ruled upon by the administrative body." *Charleston Trident Home Builders, Inc. v. Town Council of Summerville*, 369 S.C. 498, 502, 632 S.E.2d 864, 867 (2006); *id.* (holding the plaintiff was not required to exhaust administrative remedies when it challenged the validity of an ordinance itself). "[A]s a general rule, if the sole issue posed in a particular case is the constitutionality of a statute, a court may decide the case without waiting for an administrative ruling." *Ward*, 343 S.C. at 18, 538 S.E.2d at 247; *id.* at 19-20, 538 S.E.2d at 247-48 (holding the circuit court erred in dismissing a declaratory judgment action for failure to exhaust administrative remedies when the action challenged the constitutionality of a statute, which was an issue the ALC could not decide).

Section 41-35-690 of the South Carolina Code (2021) pertaining to DEW provides:

> The procedure provided in this chapter for appeals from a determination or redetermination to the appeal tribunal and for appeals from the tribunal, first to the [DEW] Appellate Panel, as established by [s]ection 41-29-300[ of the South Carolina Code (2021)], and afterward to the [ALC], pursuant to [s]ection 41-29-300(C)(1), *is the sole and exclusive appeal procedure*.

(emphasis added).  Section 41-35-740 of the South Carolina Code (2021) provides "judicial review is permitted only after a party claiming to be aggrieved by [DEW's decision] has exhausted his administrative remedies."

We hold the circuit court erred by finding Claimants were excused from their failure to exhaust administrative relief.  *See Ward*, 343 S.C. at 18, 538 S.E.2d at 247 ("[W]hile there are several exceptions that may be applied to the judicially-imposed exhaustion requirement, those that apply to a statutory requirement are few.").  First, the record does not support a finding that DEW took a hard and fast position that made an adverse ruling a certainty.  Rather, according to Cummings's March 2014 affidavit, "Approximately 1,300 appeals related to the online job search requirement were taken between August 2012 and early February

2013. In those appeals, there were 214 reversals of disqualifications." This equals about a 16 percent success rate on appeal. Further, according to Robinson, of the total 2,613 appeals pertaining to a claimant's failure to satisfy the online job search requirement that were heard and decided on the merits, 728 (or 28 percent) were reversed. Although the rate of reversals was not high, it was not so low as to support a finding that DEW took a hard and fast position that made an adverse ruling a certainty. *See Smith*, 336 S.C. at 526-27, 520 S.E.2d at 350-51 (holding a party's belief "even with good reason[] that [the agency would] reject her claim[] d[id] not establish futility as a basis for excusing exhaustion in the absence of a definitive statement by the agency administrator"). Thus, we conclude the record does not support the circuit court's ruling that Claimants' pursuit of administrative relief would have been futile.

Second, we hold the circuit court erred in concluding exhaustion was not required because DEW acted outside of its authority. In reaching this conclusion, the circuit court cited to three cases: *Responsible Economic Development v. South Carolina Department of Health & Environmental Control*, 371 S.C. 547, 641 S.E.2d 425 (2007); *Brown v. James*, 389 S.C. 41, 697 S.E.2d 604 (Ct. App. 2010); and *Ex parte Allstate Insurance Co.*, 248 S.C. 550, 151 S.E.2d 849 (1966). We hold these authorities do not support its conclusion that Claimants should be excused from their failure to exhaust their administrative remedies.

In *Responsible Economic Development*, our supreme court did not address the issue of exhaustion of administrative remedies. *See* 371 S.C. at 550-53, 641 S.E.2d at 427-28. In fact, in that case, the parties did go through the administrative process by bringing a contested case before the ALC, appealing that decision to the board, and further appealing that decision to the circuit court before appealing to the court of appeals. *Id.* at 549, 641 S.E.2d at 426. Although our supreme court stated that "[a]s a creature of statutes, regulatory bodies . . . . have only the authority granted them by the legislature" and that "[a]ny action taken by [a regulatory body] outside of its statutory and regulatory authority is null and void," it did not specifically address whether the exhaustion requirement would apply when a case involves a challenge to agency authority. *Id.* at 553, 641 S.E.2d at 428 (citations omitted). Thus, we conclude *Responsible Economic Development* does not support the circuit court's determination that Claimants were not required to exhaust their administrative remedies because they alleged DEW acted outside of its authority.

Next, in *Brown*, this court noted "[an] exception to the exhaustion requirement is recognized when an agency has acted outside of its authority." 389 S.C. at 55, 697

S.E.2d at 611-12 (citing *Responsible Econ. Dev.*, 371 S.C. at 553, 641 S.E.2d at 428). However, in *Brown*, this court concluded the appellant was entitled to appeal directly to the circuit court rather than participating in a hearing before the board of trustees because the board had already reached a final determination not to renew her teaching contract and therefore her participation in a hearing after the fact would have been a futile act. *Id.* at 55, 697 S.E.2d at 612. Thus, the court applied the futility exception and did not directly consider whether the appellant was excused from exhausting her administrative remedies based on the board's acting outside of its authority. Thus, we conclude *Brown* likewise does not support the circuit court's conclusion on this issue.

Finally, in *Ex Parte Allstate*, our supreme court determined the requirement of exhaustion of administrative remedies was excused because the issue was solely one of law as to the statutory authority or jurisdiction of the Chief Insurance Commissioner. 248 S.C. at 567-68, 151 S.E.2d at 855. The court concluded that "[u]nder the undisputed facts, the Commissioner was obviously without [the] authority" to conduct an "investigation into purely political activities of the [insurance] companies and their agents." *Id.* at 567, 151 S.E.2d at 855. However, that case did not involve a statutory provision requiring exhaustion or stating that the administrative remedy was the sole and exclusive appeal procedure as provided in section 41-35-690, which applies in this case. *See id.* at 567-68, 151 S.E.2d at 854-55. Furthermore, the Commissioner made no administrative decision or order in that case and therefore there was no administrative decision that appellants could have appealed. *See id.* at 562, 151 S.E.2d at 852. For the foregoing reasons, we conclude *Ex Parte Allstate* is distinguishable and does not support the circuit court's conclusion on this issue.

Here, Claimants have not challenged the constitutionality of a statute or regulation. Rather, they challenged DEW's authority to enforce the online work search requirement based on DEW's failure to promulgate regulations pertaining to such requirement. As relief, Claimants seek to receive the amount in benefits to which they would have been entitled had DEW not determined they failed to comply with the online work search requirement. Although Robinson testified DEW's appeals process would not have addressed the issue of whether DEW was required to promulgate regulations prior to implementing its online work search requirement, we hold this did not excuse Claimants' failure to pursue administrative remedies. In both Claimants' cases, had they appealed the denial of benefits, DEW might have excused their failures to comply with the requirement and issued their benefits for the applicable week, which would have dispensed with their claims and would not have required a resolution of the question of DEW's authority.

Further, notwithstanding Robinson's testimony, nothing prevented the Appeal Tribunal or Appellate Panel from deciding the issue of whether DEW was required to promulgate regulations to implement the online work search requirement. *See* S.C. Code Ann. Regs. 47-51(C)(1) (Supp. 2023) ("All Appeal Tribunal hearings shall be de novo in nature and conducted in such manner as to ascertain the substantial rights of the parties."); S.C. Code Ann. Regs. 47-51(E)(1)(a) (Supp. 2023) ("In addition to the issues raised by the appealed determination the Appeal Tribunal may consider all issues affecting claimant's rights to benefits from the beginning of the period covered by the determination to the date of the hearing."). Moreover, if the Appeal Tribunal and Appellate Panel ruled against Claimants, the ALC could have ruled on the issue upon review of such determinations. *See* § 1-23-380(5)(a)-(c) (providing a court reviewing a final agency decision "may reverse or modify the decision [when] . . . the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; [or] (c) made upon unlawful procedure"). Thus, we hold the circuit court erred by concluding Claimants were excused from pursuing administrative remedies based on their claim that DEW lacked authority to implement the online work search requirement.

For the foregoing reasons, we hold the circuit court erred by finding Claimants were not required to exhaust their administrative remedies. Because our determination as to this issue is dispositive of the remaining issues on appeal, we decline to address those issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address an appellant's remaining issues when the determination of a prior issue was dispositive). Accordingly, the circuit court's order granting judgment in favor of Claimants is

**REVERSED.**

**KONDUROS, J., and LOCKEMY, A.J., concur.**